Daniel E. Thenell, OSB No. 971655
Dan@Thenelllawgroup.com
Jillian Hinman, OSB No. 083623
Jillian@Thenelllawgroup.com
Thenell Law Group, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
503-372-6450 – phone
503-372-6496 – fax
Of Attorneys for Defendant Country Mutual Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PRECISION SEED CLEANERS, INC., an Oregon corporation,<br><br>                  Plaintiff,<br><br>    v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, a foreign corporation,<br><br>           Defendant. | Case No. 3:10-cv-01023 HZ<br><br>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST<br><br>ORAL ARGUMENT REQUESTED |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................ 4

STATEMENT OF ISSUES ................................................................................. 5

    1.    Attorney Fees under Or. Rev. Stat. § 742.061 and Or. Rev. Stat. § 20.075 ...... 5

    2.    Prejudgment Interest ............................................................................... 5

BACKGROUND ................................................................................................. 5

    I.    Statement of Facts...................................................................................... 6

    II.    Procedural History ................................................................................... 10

    III.    Summary of Settlement Efforts ............................................................... 12

ARGUMENT ..................................................................................................... 13

Page 1 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST    831I58

I.   Entitlement of Attorney Fees – State case law controls this Court's interpretation of attorney fee statute. ................................................................................................... 13

   A.   Precision Seed is not entitled to attorney fees under Or. Rev. Stat. § 742.061, because Precision Seed failed to cooperate with the insurance company's investigation........ 17

   B.   An award of attorney fees would be unreasonable under the factors of Or. Rev. Stat. § 20.075(1). ................................................................................................................. 18

      1.   Factors weigh in favor of denying an award for attorney fees. ............................ 20

      2.   In the alternative, the factors weigh in favor of limiting the claim for attorney fees. ................................................................................................................... 24

II.  Prejudgment Interest ................................................................................................ 31

CONCLUSION .................................................................................................................. 34

## AUTHORITIES CITED

Cases

*Alexander Mfg., Inc. Employee Stock Ownership & Trust v. Ill. Union Ins. Co.,* 688 F. Supp. 2d 1170, 1184 (D. Or. 2010) ................................................................................... 27, 29

*Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or. App. 282, 293, 709 P.2d 1103 (1985) 33

*Calcagno v. Holcomb,* 181 Or. 603, 613–14, 185 P.2d 251, 255 (1947) .................................... 32

*Certain Underwriters at Lloyd's London & Excess Ins. Co., Ltd. v. Mass. Bonding & Ins. Co.,* 235 Or. App. 99, 118, 230 P.3d 103, 115 (2010) ................................................................. 16

*Certain Underwriters at Lloyd's London v. Mass. Bonding & Ins. Co.,* 245 Or. App. 101, 260 P.3d 830 (2011) .................................................................................................... 16

*Dockins v. State Farm Ins. Co.,* 329 Or. 20, 30, 985 P.2d 796 (1999) ......................................... 16

*Farhang v. Kariminaser*, 230 Or. App. 554, 217 P.3d 218 (2009) ............................................... 32

*Ionian Corp. v. Country Mutual Insurance Company and Precision Seed Cleaners, Inc*. Case No.3:10-cv-199-ST ................................................................................................. 10

*Isler v. Shuck,* 38 Or. App. 233, 589 P.2d 1180 (1979) .................................................... 32, 33, 34

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

*Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995) ................................. 13

*McCarthy v. Or. Freeze Dry, Inc.,* 327 Or. 185, 188, 957 P.2d 1200 (1998) .............................. 19

*McCormick & Schmick's Seafood Restaurants, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh,*
    *Pa.,* CIV. 08-1011-AA, 2011 WL 4625728, at \*5 (D. Or. Sept. 30, 2011) ............................ 29

*Mosley v. Allstate Ins. Co.,* 165 Or. App. 304, 312, 996 P.2d 513 (2000) ................................. 16

*Nouredine v. Diversity Escrow Home* Case No. 3:11-CV-00410-ST .......................................... 30

*Parks v. Farmers Ins. Co. of Or.,* 347 Or. 374, 388, 227 P.3d 1127, 1134 (2009) ......... 14, 15, 16

*Roberts v. Interstate Distrib. Co.,* 242 F.Supp.2d 850, 861 (D. Or. 2002) ................................ 27

*S.D. Myers, Inc. v. City & Cnty. of S.F.,* 253 F.3d 461, 473 (9th Cir. 2001) .............................. 13

*SDS Lumber Co. v. Allendale Mut. Ins. Co.,* 563 F. Supp. 608, 611 (D. Or. 1983) ................... 32

*Sterling Savings Bank v. Sequoia Crossing,* Civ. No. 09–55–AC, 2010 WL 3210855, at \*8 (D.
    Or. Aug. 11, 2010) .................................................................................................................. 29

*Strader v. Grange Mut. Ins. Co.,* 179 Or. App. 329, 338, 39 P.3d 903, 908 (2002) ................... 32

*Tavakloi v. Allstate Prop.& Cas. Ins.* Co., 2013 U.S. Dist. LEXIS 6078, at \*11-12 (W.D. Wash.
    Jan. 15, 2013) ......................................................................................................................... 26

*TIG Ins. Co. v. Travelers Ins. Co.,* No. 00–1780, 2003 WL 24051560, at \*8, 2003 U.S. Dist.
    LEXIS 26844, at \*26 (D. Or. Mar. 24, 2003) ........................................................................ 23

*W. v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S. Ct. 179, 183, 85 L. Ed. 139 (1940) ........... 13

*ZRZ Realty Co. v. Beneficial Fire and Cas. Ins. Co.,* 222 Or. App. 453, 494, 194 P.3d 167 (2008)
    .................................................................................................................................................. 16

## Statutes

Or. Rev. Stat. § 20.075 ..................................................................................................... passim

Or. Rev. Stat. § 742.061 ................................................................................................... passim

Or. Rev. Stat. § 742.230 ............................................................................................................ 16

Or. Rev. Stat. § 742.238 ............................................................................................................ 34

Or. Rev. Stat. § 82.010 .............................................................................................................. 32

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

## INTRODUCTION

Defendant Country Mutual Insurance Company (hereinafter "Country Mutual") opposes Plaintiff Precision Seed Cleaners, Inc.'s (hereinafter "Precision Seed") Motion for Attorney Fees and Prejudgment Interest. Precision Seed moves the court to award $1,159,223 in attorney fees for work performed in the span of time beginning approximately one year prior to the filing of the action through the conclusion of the issues.  Precision Seed is not entitled to attorney fees where there has been a failure to cooperate with the investigation of the underlying insurance claim.   Further, Precision Seed had significant opportunities to settle this matter well in advance of the ultimate settlement date, April 4, 2013.  Based on the facts giving rise to the litigation and the actions of Precision Seed during the course of litigation, an award of attorney fees is not reasonable.

In the alternative, Precision Seed's claims to attorney fees must be limited to the amount of time reasonably spent in the pursuit for the breach of contract damages obtained.  Throughout the course of this litigation, Precision Seed spent unnecessary resources preparing and supporting motions that were often voluminous and largely unsuccessful.  Further, the arbitrary reductions in fees voluntarily taken  do not adequately account for the time that cannot be objectively apportioned to separate litigation and non-contractual damages for which not only was no recovery received, but were not valid under law from the onset.   To further limit the award, the rates claimed by Precision Seed's counsel are unreasonable.

Precision Seed additionally seeks an award of prejudgment interest in the amount of $944,772.50.  The settlement amount that ultimately resolved this matter was an amount paid in consideration of the risks at trial.  At no time during the insurance claim or during the litigation did Precision Seed substantiate the value of its claimed losses and the ultimate recovery was not "readily ascertainable" at any point nor was it due on a certain date.  Prejudgment interest is not appropriate, as a matter of law.

/ / /

Page 4 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST            831158

## STATEMENT OF ISSUES

1. **Attorney Fees under Or. Rev. Stat. § 742.061 and Or. Rev. Stat. § 20.075**

   a. Does a policyholder's failure to cooperate with an insurance company's investigation into a claim for benefits under the terms of a contract for insurance preclude an award of attorney fees under Or. Rev. Stat. § 742.061?

   b. Does a weighing of the factors under Or. Rev. Stat. § 20.075(1) conclude that an award of fees is unreasonable?

   c. If an award of fees is not unreasonable, what amount is reasonable after an analysis of the factors in Or. Rev. Stat. § 20.075(1), (2)?

2. **Prejudgment Interest**

   a. When recovery is an amount achieved in settlement and the substantiation of losses claimed under a policy of insurance have always been in dispute, is the amount and the date due unascertainable?

## BACKGROUND

Pertinent to the inquiry of these issues are the facts underlying this action, the procedural history of the case, and the results of settlement discussions entered into by the parties. This Court has had the opportunity to review the factual history of this matter on prior occasions. These facts are briefly restated for the Court's convenience, and were laid out in more detail in Defendant's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint. Docket No. 118. These facts are necessary to the Court's consideration of the issue of entitlement to attorney fees. The declarations supporting the Statement of Facts include the Declaration of Ron Gray in Support of Opposition to Motion for Leave to Amend Complaint and Opposition to Motion for Sanctions ("Gray Declaration Dkt. No. 122 "), the Declaration of Jeffrey Frenette in Support of Opposition to Motion for Leave to Amend Complaint and Opposition to Motion for Sanctions ("Frenette Declaration Dkt. No. 121"), the Declaration of Jim Brady in Support of Opposition to Motion for Leave to Amend Complaint and Opposition to

Page 5 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831I58

Motion for Sanctions ("Brady Declaration Dkt. No. 120"),  and the Declaration of Daniel E.

Thenell in Support of Opposition to Motion for Leave to Amend Complaint and Opposition to

Motion for Sanctions ("Thenell Declaration Dkt. No. 119").  Country Mutual also relies on the

testimony of expert witnesses Kathryn Thompson and Byron Slack given at Fed. R. Evid.104

hearing.

**I.      Statement of Facts**

Precision Seed maintained policy number AB 9036462 00 with Country Mutual

(hereinafter "the Policy") to insure a building leased by Precision Seed located at 8765 Pueblo

Avenue in Brooks, Oregon (hereinafter "the Building").  *See Brady, Frenette & Gray*

*Declarations Dkt. Nos. 120-122*, ¶ 3.  On August 26, 2009, the Building suffered a fire loss.  *See*

*Brady, Frenette & Gray Declarations Dkt. Nos. 120-122*, ¶ 3.  The Policy was in effect on that

date.  *See Brady, Frenette & Gray Declarations Dkt. Nos. 120-122*, ¶ 3.  Precision Seed reported

the loss to Country Mutual, and Country Mutual immediately began an investigation into the

loss.  *See Frenette Declaration Dkt. No. 121*, ¶¶ 3, 5.  The fire attracted the attention of law

enforcement, and a coordinated effort to investigate the cause and origin of the fire began on or

about August 26, 2009.  *See Brady, Frenette & Gray Declarations Dkt. Nos. 120-122*, ¶ 7.

Involved agencies included the Bureau of Alcohol, Tobacco, Firearm and Explosives ("ATF"),

Oregon State Police, Marion County Sheriff, State Fire Marshall, Portland Fire Department,

Keizer Fire Department, Salem Fire Department, and Marion County Fire Department.  *See*

*Brady, Frenette & Gray Declarations Dkt. Nos. 120-122*, ¶ 7.  In addition, Country Mutual

retained experts to investigate cause and origin on its behalf who were on scene on August 27,

2009.  *See Brady Declaration Dkt. No. 122*, ¶ 11; *Frenette Declaration Dkt. No. 121*, ¶ 9; *Gray*

*Declaration Dkt. No. 120*, ¶ 10.

Country Mutual requested a written statement in proof of loss in accordance with the

terms of the Policy, and on or about November 13, 2009, Precision Seed provided a written

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

statement claiming $5,800,917.70 in losses. *See Frenette Declaration Dkt. No. 121, ¶ 24;*
*Thenell Declaration Dkt. No. 119, ¶ 4.* During the continued insurance claim investigation,
several concerns arose regarding the veracity of the purported losses. *See Thenell Declaration*
*Dkt. No. 119, ¶¶ 25, 26.* Specifically, from an equipment appraiser, Country Mutual received
information that the insured claimed many equipment pieces not within the Building at the time
of the fire, including many sets of seed cleaning screens valued at approximately $182,000 for
each set. *See Frenette Declaration Dkt. No. 121, ¶ 25.* The insured claimed nearly 3,000 total
screens, but the appraiser counted fewer than 200 screens and ultimately determined that 300
screens was a reasonable number of screens to be within the burned building. *See Frenette*
*Declaration Dkt. No. 121, ¶ 26.* Further, Precision Seed claimed 30 bucket elevators in the fire.
Mr. Slack counted 9 bucket elevators in the fire debris, and ultimately determined 11 bucket
elevators were likely to have been in the Building at the time of the fire.

On or about December 11, 2009, Country Mutual notified Precision Seed that it may
require documents and an examination under oath in continuance of its investigation. *See*
*Thenell Declaration Dkt. No. 119, ¶ 5.* On December 29, 2009, Country Mutual was notified
that Precision Seed had retained counsel, Donald M. Kelley. On that date, Country Mutual
requested documents in advance of an examination under oath which was being demanded under
the policy. *See Thenell Declaration Dkt. No. 119, ¶ 6.* On February 15, 2010, Precision Seed
retained different counsel, Fred Millard. *See Thenell Declaration Dkt. No. 119, ¶ 8.* In his letter
of representation, Mr. Millard wrote that he would submit modifications to the written statement
if warranted. *See Thenell Declaration Dkt. No. 119, ¶ 8.* Country Mutual provided the Policy
and correspondence to Mr. Millard on February 26, 2010 and March 10, 2010, in addition to
requesting documents from Precision Seed. *See Thenell Declaration Dkt. No. 119, ¶¶ 9, 10.*
Also on or about March 10, 2010, Country's retained cause and origin expert provided his

Page 7 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

written report opining that the cause of the fire was undetermined. *See Thenell Declaration Dkt. No. 119*, ¶ 11. Country Mutual followed up on its document requests on March 25, 2010 by letter to Precision Seed's counsel. *See Thenell Declaration Dkt. No. 119*, ¶ 12.

On May 4, 2010, Country Mutual acknowledged receipt of eleven binders of documents and scheduled the examinations under oath of Precision Seed's officers, James Kloft and Paul Kloft for June 10-11, 2010. *See Thenell Declaration Dkt. No. 119*, ¶ 17. Concerns arose regarding the claimed seed losses upon review of the documents and further investigation. *See Thenell Declaration Dkt. No. 119*, ¶ 18. Dave Logan was retained to assist with review of the seed loss claim. Although the insured submitted claims under their Seeds of Others coverage for approximately thirty growers, Mr. Logan determined that approximately ten of these growers were not presenting claims, were insured by other insurance companies or did not have a loss. Precision Seed had claimed coverage for these growers' seed.

As to Precision Seed's own seed claim, there were concerns regarding the value and weight of the seed claim presented. According to Precision Seed's records, it lost seed in the fire that was up to nine or ten years old. Precision Seed did not discount the value for the aged and quality of the seed or present accurate records of Precision Seed's own seed.

On or about June 9, 2010, seven months after Precision Seed provided his written statement in November 2009, and after significant resources were spent by Country Mutual investigating the claimed losses, Precision Seed notified Country Mutual that the losses sustained were substantially less than originally claimed and reduced its claim to $4,543,317.20. *See Thenell Declaration Dkt. No. 119*, ¶ 19. Nearly a year after the loss and seven months after notice that an examination under oath was requested under the policy, officer of Precision Seed, Paul Kloft, finally submitted to examinations under oath. An initial examination under oath of Paul Kloft was conducted on June 11, 2010, and continued on August 31, 2010. *See Thenell Declaration Dkt. No. 119*, ¶¶ 20, 21.

Page 8 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831I58

Paul Kloft testified that he wrote all the values on the statement provided in November 2009 and admitted that the value of equipment submitted in November 2009 included adding equipment multiple times rather than once.  *See Thenell Declaration Dkt. No. 119*, Exhibit 15; Paul Kloft deposition taken June 11, 2010, 10:11-14.  At the continuation, Paul Kloft testified that in the months prior to the fire, he let his insurance policy lapse, and in June 2009 contacted his agent to discuss reinstatement and raise the limits.  *See Thenell Declaration Dkt. No. 119*, Exhibit 16; Paul Kloft deposition taken August 31, 2010, 107:2-12 (hereinafter "*Kloft deposition*").  The policy changes were made in July 2009.

Paul Kloft stated that there were no corporate records that designated in which of several buildings seed, machinery or equipment was kept.  *Kloft deposition*, 112:16-18.  He stated that to place a value on his claim for Precision Seed's own seed, Precision Seed made a list, placed the value and added it up.  *Kloft deposition*, 153:4-5.  For the seed of others, Paul Kloft merely listed policy limits because he did not have any information regarding the seed of others.  *Kloft deposition*, 153:7-9.

Paul Kloft acknowledged that he was claiming over $1,000,000 in Precision Seed's own seed was lost in the fire.  *Kloft deposition*, 153:8-10.  He admitted that he never submitted a value report to Country Mutual that showed more than $1,000,000 stored in the Building, and had only submitted several value reports showing anywhere from $0 to $100,000 worth of seed stored in the Building.  *Kloft deposition*, 158-159.  Paul Kloft testified that he knew he had the burden to prove his claim to the insurance company and that value was important part of the process. *Kloft deposition*, 173:3-7.

Paul Kloft testified that he changed his statement of loss to correct the listing of screens five different times. He stated that he wrote down a value of $182,000 for screens five times. *Kloft deposition*, 181:13-14.  He testified that while on scene he counted the claimed bucket elevators and found thirty.  *Kloft deposition*, 192-193:21-16.

/ / /

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

Paul Kloft testified that he was on scene two days after the fire and documented the location of property on a map. *Kloft deposition*, 198:19-20. He stated that wrote down items that he observed in the fire debris. *Kloft deposition*, 204:2-10. He testified that he took photographs. *Kloft deposition*, 195:10-30.

Paul Kloft testified that he verified the seed of others claim by checking his inbound documents against his outbound documents and discussing the loss with the owners of the other seed. *Kloft deposition*, 214:12-14. When questioned why several owners stated that there was no loss, Paul Kloft replied that the owners of the other seed were wrong or had told him that they had been paid for the seed, but he did not know if they had or not. *Kloft deposition*, 227-228.

On the same day as his continued examination under oath, Precision Seed filed its initial Complaint in this action. Dkt. No. 1.

## II.    Procedural History

The instant action was filed on August 31, 2010, alleging causes of action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Intentional Interference with Economic Relationships, and Failure to Obtain Insurance Coverage. Dkt. No. 1. At that time another action entitled *Ionian Corp. v. Country Mutual Insurance Company and Precision Seed Cleaners, Inc*. Case No.3:10-cv-199-ST, involving the same parties to this action was pending to determine entitlement to the insurance proceeds for the loss of the Building. In that matter, Country Mutual paid the insurance benefits under the structure coverage into the court registry to be awarded in accordance with the ultimate judgment of the case.

The Complaint in this action alleged $4,965,659 in claimed losses. Dkt. No. 1 p. 4, ¶ 18. Country Mutual filed an Answer denying Precision Seed's damages and denying that Precision Seed cooperated under the terms of the policy. Dkt. No. 5. On May 5, 2011, Precision Seed filed its First Amended Complaint. Dkt.No. 10. Country Mutual again denied damages and Precision Seed's cooperation. Dkt.No. 23. Country Mutual's position has always been that Precision Seed was contractually obligated to substantiate his losses under the policy of insurance.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

In June 2011, Country Mutual requested that the parties undergo mediation with a magistrate judge and expressed the desire to reach an expedient settlement. *See* Declaration of Daniel E. Thenell in Support of Memorandum in Opposition to Attorney Fees and Prejudgment Interest, Exhibit 1 ("Thenell Declaration"). Country Mutual suggested that the parties stipulate to a stay of the litigation to enable the parties to suspend litigation deadlines and costs while serious settlement efforts were undertaken. In August 2011, Precision Seed requested stipulation to file an Amended Complaint. *See Thenell Declaration*, Exhibit 2. Country Mutual inquired as to the reasonableness of continuing to spend resources on litigation if the parties were mutually seeking settlement and inquiring into Precision Seed's objection to a judicial settlement conference. *See Thenell Declaration*, Exhibit 3. Precision Seed responded that in order to bargain for a stay of the litigation, Precision Seed required an advancement of $1,000,000 potential settlement proceeds. *See Thenell Declaration*, Exhibit 4. Country Mutual agreed to advance $700,000. *See Thenell Declaration*, Exhibit 5. A stipulated stay was granted by the court for sixty days. Dkt. No. 18. The parties engaged in settlement conversations but were not able to resolve the dispute. *See Thenell Declaration*, ¶ 7.

On February 14, 2012, Precision Seed filed a Motion for Partial Summary Judgment. Dkt. Nos. 28-35. Country Mutual's Motion for extension of time to respond was granted. Dkt. No. 33. Precision Seed withdrew the motion on April 8, 2012, because Country Mutual conceded the policy limits claimed by Precision Seed. Dkt. Nos. 35-36. On June 15, 2012, Precision Seed filed a Motion for Leave to Amend Complaint and withdrew the Motion on June 27, 2012. On July 12, 2012, Precision Seed filed another Motion for Partial Summary Judgment, for the value of the contractual damages. Dkt. Nos. 47-50. Precision Seed's Motion was denied. *See* Dkt. No. 150.

On October 5, 2012, Precision Seed filed objections to Country Mutual's expert witnesses which were denied after hearing. *See* Dkt. No. 150. On December 11, 2012, Precision Seed filed a Motion to Compel an expert witness deposition, though Country Mutual did not

Page 11 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

object to producing the expert. The parties simply could not agree on dates. Dkt. Nos. 94-99. Precision Seed withdrew the motion.

On January 11, 2013, Precision Seed filed a Motion to Amend Complaint and a Motion for Sanctions which were both denied. *See* Dkt. No. 128. Precision Seed sought to amend its complaint to only allege a lesser amount of $4,364,469.70 in losses claimed under the Policy. Dkt. Nos. 100-01. Thus the value of claimed losses sought was reduced by $1,436,448, nearly 25 percent, since Precision Seed's written statement in November 2009.

On January 25, 2013, Country Mutual filed motions to exclude the expert testimony of Experts Halsey, Myers and Poe. The motion to exclude the testimony of witness Poe was granted, and Precision Seed's claim for failure to obtain insurance was dismissed as not supported by law. Dkt. No. 150. Precision Seed's motion for reconsideration was denied. Dkt. No. 151.

A summary of the motion practice in table format is attached as Exhibit 6 to Thenell Declaration.

## III.    Summary of Settlement Efforts

On August 7, 2012, the parties participated in a judicial settlement conference before Judge Acosta. *See Thenell Declaration*, ¶ 8. During the settlement negotiations, Country Mutual offered $2,000,000 exclusive of attorney fees at which point Precision Seed walked out of the conference with no further negotiation. *See Thenell Declaration*, ¶ 8. On December 21, 2012, Precision Seed demanded another payment of $144,199 before it would resume settlement negotiations. *See Thenell Declaration*, Exhibit 7. On January 16, 2013, Country Mutual acknowledged the demand and offered $2,538,000 leaving open the question of attorney fees. *See Thenell Declaration*, Exhibit 8. On January 21, 2013, Precision Seed offered to settle for $5,500,000 in addition to the $700,000 advance payment. *See Thenell Declaration*, Exhibit 9. Country Mutual responded by letter observing the disparity between the settlement offers and stating the case appeared to be reasonably with in settlement range if three areas of dispute could

Page 12 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

be resolved. *See Thenell Declaration*, Exhibit 10. On February 24, 2013, I presented a counter-offer and clarified that the offer allowed Precision Seed to petition to the court for attorney fees and prejudgment interest.  *See Thenell Declaration*, Exhibit 11.  On March 13, 2013, Precision Seed countered with $4,072,000 to settle all claim except prejudgment interest and attorney fees/costs. *See Thenell Declaration*, Exhibit 12.  On April 4, 2013, the parties worked through mediation and settled for $2,620,000 in addition to the $700,000 advance payment leaving open the issues of attorney fees and prejudgment interest. *See Thenell Declaration*, ¶ 17.

## ARGUMENT

**I.     Entitlement of Attorney Fees – State Case Law Controls This Court's Interpretation of Attorney Fee Statute.**

The attorney fee statute at issue in this diversity case is Oregon Revised Statute section 742.061. In a diversity case, state law determines entitlement to fees. *See Mangold v. Cal. Pub. Utils. Comm'n,* 67 F.3d 1470, 1479 (9th Cir. 1995).When interpreting state law, a federal court is bound by decisions of the state's highest court. *S.D. Myers, Inc. v. City & Cnty. of S.F.*, 253 F.3d 461, 473 (9th Cir. 2001).   If there is no such decision available, then a federal court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Id.*  Furthermore, an intermediate appellate state court may not be disregarded by a federal court unless it is convinced that the highest court in the state would decide otherwise.  *W. v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237, 61 S. Ct. 179, 183, 85 L. Ed. 139 (1940).

Though this court is bound by state law in interpreting Or. Rev. Stat. § 742.061, the application of those cases to this case presents two problems: 1) the case law is distinguishable given the insurance company's investigation in this case; and 2) the public policy influencing state court's willingness to interpret the statute broadly to achieve the right result is outweighed

Page 13 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831I58

by the public policy against creating a moral hazard for fraudulent claims.  Thus, there is room

for this court to determine that a policyholder is not entitled to an award of attorney fees when

the policyholder did not cooperate with an insurance company's investigation.

     Or. Rev. Stat. § 742.061 provides in relevant part:

> If settlement is not made within six months from the date proof of
> loss is filed with an insurer and an action is brought in any court of
> this state upon any policy of insurance of any kind or nature, and
> the plaintiff's recovery exceeds the amount of any tender made by
> the defendant in such action, a reasonable amount to be fixed by
> the court as attorney fees shall be taxed as part of the cost of the
> action and any appeal thereon.

     The statute as written simply does not state that a policyholder can recover attorney fees

if the insurance company does not pay a claim within six months of the policyholder's mere

report of the claim.  That being stated, the trend in controlling state case law interpreting this

statute has been to interpret the entitlement of attorney fees broadly in favor of plaintiff

policyholders.  This trend of favorable treatment to the entitlement to attorney fees is

demonstrated in the state courts' interpretations of "proof of loss" and "any tender…in such

action."  Though the meaning of the language in the statute is arguably facially plain and

contextually defined, state courts have stretched their reasoning to provide for an award of

attorney fees when an action resolves in settlement and no tender was made within six months of

any event or submission is sufficient to trigger the insurance company's duty to investigate.  *See*

*Parks v. Farmers Ins. Co. of Or.*, 347 Or. 374, 388, 227 P.3d 1127, 1134 (2009) (a verbal

submission is proof of loss when it is sufficient to allow an insurance company to "ascertain its

obligations," taking into account the insurance company's "duty to investigate and clarify

uncertain claims.")

     The term "proof of loss" is statutorily required to be used in insurance policies, such as

the policy at issue, to refer to a written submission and to include definitive information that the

Page 14 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST                831158

insurance company deems necessary to evaluate coverage.  Or. Rev. Stat. § 742.230 requires

policies for fire insurance to include the following language:

> The insured shall give **immediate written notice** to this company
> of any loss…furnish a complete inventory of the destroyed,
> damaged and undamaged property, showing in detail quantities,
> costs, actual cash value and amount of loss claimed… the insured
> shall render to this company **a proof of loss, signed and sworn to
> by the insured**, stating the knowledge and belief of the insured as
> to the following: The time and origin of the loss, the interest of the
> insured and of all others in the property, the actual cash value of
> each item thereof and the amount of loss thereto, all encumbrances
> thereon, all other contracts of insurance, whether valid or not,
> covering any of said property, any changes in the title, use,
> occupation, location, possession or exposures of said property
> since the issuing of this policy, by whom and for what purpose any
> building herein described and the several parts thereof were
> occupied at the time of loss and whether or not it then stood on
> leased ground, and shall furnish a copy of all the descriptions and
> schedules in all policies and, if required, verified plans and
> specifications of any building, fixtures or machinery destroyed or
> damaged."

> *Emphasis added.*

The legislature intended that a "proof of loss" mean something more than an initial report

of a claim, and the use of the language "filing a proof of loss" necessarily includes, at the very

least, a submission of the information that the insured shall provide under Or. Rev. Stat. §

742.230.  With regard to the timing of the tender the statute plainly reads that an award of

attorney fees shall be made when "recovery exceeds any tender made by defendant in such

action."  "[S]uch action" refers to an action filed in any court as stated in the preceding sentence.

State courts have considered these arguments, however, and have used the public policy of

granting access to justice to guide their decisions regarding legislative intent.  *See Parks v.*

*Farmers Ins. Co. of Or.*, 347 Or. at 383 (stating that: "Neither does the fact that a statute that

dictates that a particular kind of insurance policy (fire insurance) includes a provision that

imposes specific 'proof of loss' requirements (including that proof of loss be 'signed') imply

Page 15 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

anything about what the legislature intended by the term 'proof of loss' in an older and more broadly applicable statute like ORS 742.061") and *Certain Underwriters at Lloyd's London & Excess Ins. Co., Ltd. v. Mass. Bonding & Ins. Co.,* 235 Or. App. 99, 118, 230 P.3d 103, 115 (2010) *opinion adhered to as modified on reconsideration sub nom. Certain Underwriters at Lloyd's London v. Mass. Bonding & Ins. Co.,* 245 Or. App. 101, 260 P.3d 830 (2011) (stating that: "The public policy considerations driving ORS 742.061-encouragement of settlement of insurance claims and reimbursement of insureds who are forced to litigate to recover on their policies…").   In these cases, state courts used broad interpretation of the statute seeking to reach the proverbial right result under prevailing public policy.  In so doing, the courts have held that a proof of loss is intended to trigger the insurer's duty to investigate.  *Mosley v. Allstate Ins. Co.,* 165 Or. App. 304, 312, 996 P.2d 513 (2000).   As stated by the Oregon Supreme Court, a proof of loss is any submission from which an insurance company can evaluate its obligations under the policy, taking into account the insurance company's "duty to investigate and clarify uncertain claims". *See Parks v. Farmers Ins. Co. of Or.*, 347 Or. at 383 (An insured is not required to calculate a loss with sufficient specificity to enable the insurer to make a settlement offer.) *Dockins v. State Farm Ins. Co.,* 329 Or. 20, 30, 985 P.2d 796 (1999) (complaint seeking remediation costs in excess of $6,000 in an amount to be proved at trial constituted a proof of loss). "[T]he question is whether the insurer could have made the necessary calculation had it made a reasonable inquiry." *ZRZ Realty Co. v. Beneficial Fire and Cas. Ins. Co.*, 222 Or. App. 453, 494, 194 P.3d 167 (2008) (insured's letter to insurer stating that the Oregon Department of Environmental Quality named it a potentially responsible party for a contamination site constituted a proof of loss despite that it did not specify defense costs).  Thus, current case law leaves open the question of whether an insured can recover attorney fees when the insurance company is unable to estimate its obligations because the insured fails to cooperate with the insurance company's investigation.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

A.    **Precision Seed is not entitled to attorney fees under Or. Rev. Stat. § 742.061, because Precision Seed failed to cooperate with the insurance company's investigation.**

Here, Country Mutual denied Precision Seed's allegations of cooperation. *See* Dkt. No. 23. Country Mutual began its investigation into the claim upon the initial report. Country Mutual requested Precision Seed's cooperation by requesting examination under oath and documents in support of the value of the claim. The credibility of the insured's valuation of the claim was undermined by his excessive claimed losses and the physical inspection of the site. Precision Seed's cooperation in substantiating its losses was essential to Country Mutual's ability to ascertain the amount of the loss and whether any action or omission by the insured during the claims process would void coverage otherwise available under the policy. Without adequate documentation from Precision Seed, the claimed losses could not be ascertained.

Precision Seed filed suit on the date it submitted to examination under oath, but Precision Seed did not only file suit for breach of contract. Precision Seed included causes of action sounding in tort for a prayer in excess of the contractual damages claimed. Country Mutual was put in the position of having to defend not only coverage, but the reasonableness of its investigation and actions of its captive agent. Even during litigation, Precision Seed's claims for contractual damages vacillated back and forth. Whether Precision Seed's initial claim for benefits in November 2009, for an amount of $1,436,448 more than final alleged amount of contractual damages, was made with knowing intent or by mistake, while interesting, is not central to the argument that the insured had a duty to submit a proof of loss that allowed Country Mutual to ascertain its obligations. Through the course of litigation discovery, Country Mutual made the decision not to assert the affirmative defense of misrepresentation/fraud, but at all times Country Mutual had the duty and the right to investigate and determine whether more likely than not Precision Seed's actions or omissions voided coverage under the policy.

/ / /

Page 17 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831I58

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

Under these facts, Or. Rev. Stat. § 742.061 cannot mandate an award of attorney fees. A holding otherwise creates a moral hazard ripe for fraud. A policyholder would be able to merely report a claim. Then the policy holder would be free to hamper the insurance company's investigation by not complying with requests for statements and documents and refusing to provide information required to substantiate the claim for six months. Then the policyholder could file suit, eventually substantiate coverage through the laborious and expensive process of litigation discovery and still recover attorney fees. The threat of an award of attorney fees to policyholders irrespective of the policyholders' cooperation, while perhaps facilitating expedient settlement of insurance claims, does so at the risk of the settlement of claims without adequate investigation. Adequate investigation is essential to deter fraudulent claims and to establish the amount of loss owed under the policy of insurance. In this particular case, that exact scenario would have resulted in paying the policyholder nearly $1.5 million dollars that the policyholder admitted could not be substantiated.

This is not a claim that the insurance company could determine the contents and the value of building with ease or without the assistance of the policyholder. The fire was a total loss and items claimed were not located in the debris. Further, the quality and value of seed was not able to be determined by physical inspection. The cooperation of Precision Seed and the production of adequate business documentation for the contents of this commercial building were imperative to ascertain the value of the loss. Precision Seed did not cooperate, by failing to produce records and by failing to submit to examination under oath until the date it filed suit. Accordingly, Precision Seed's demand for an award of attorney fees under Or. Rev. Stat. § 742.061 should be denied due to its failure to cooperate with the insurance company's investigation.

**B.    An award of attorney fees would be unreasonable under the factors of Or. Rev. Stat. § 20.075(1).**

Oregon courts use the factors specified in Oregon Revised Statute section 20.075 to determine whether and to what extent to award attorney fees. *McCarthy v. Or. Freeze Dry, Inc.*,

Page 18 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST                831158

327 Or. 185, 188, 957 P.2d 1200 (1998). Objections to the attorney fee award "play an important role" in providing the framework for the court's decision. While a court must provide a brief description or citation to factors on which it relies when awarding of attorney fees, the court need not make findings on "statutory criteria that play no role in the court's decision." *Id.* An appeal of the denial or award of fees or the decision of the court as to the amount of the award is reviewed for abuse of discretion. Or. Rev. Stat. § 20.075(3).

> Or. Rev. Stat. § 20.075(1) provides:

> A court shall consider the following factors in determining whether to award attorney fees in any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees:
> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

If a court determines that an award for attorney fees is reasonable using these factors, the same and additional factors are to be used to determine the amount of attorney fees. Or. Rev. Stat. § 20.075(1). Thus, the court's analysis of the factors under subsection 1 has two applications:1) is any award of attorney fees reasonable; 2) and if so, do the factors limit or support the amount of the claimed award.

Page 19 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST    831I58

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

In this case, the factors weigh in favor of Country Mutual and support a finding that an award of attorney fees in this case is not reasonable.  In the alternative, and with additional consideration given to the factors listed in Or. Rev. Stat. § 20.075(2) the amount of the award should be limited.

1.   *Factors weigh in favor of denying an award for attorney fees.*

(a)   *The Conduct of the Parties in the Transactions or Occurrences that Gave Rise to the Litigation*

This factor weighs in favor of Country Mutual.  The action arose out of dispute regarding coverage under an insurance policy. There is no dispute that the insurance company conducted an investigation into the claim and requested cooperation and substantiation of the losses claimed under the policy.  Precision Seed failed to cooperate with the investigation of the insurance claim and filed suit causing Country Mutual to prepare a defense against multiple causes of action. Though Precision Seed makes much of the fact that Country Mutual investigated the claim to determine if the loss was intentional and to substantiate the claimed losses, Precision Seed completely ignores that Country Mutual had a duty to do so.  It is irrelevant how much documentation Precision Seed produced to Country Mutual because the documentation did not substantiate claimed losses.  Further, the documentation was provided in the summer of 2010, nearly a year after the loss.  Country Mutual did not deny this insurance claim.  Country Mutual was actively investigating and seeking the insured's cooperation to make a coverage determination.  Earnest discussion regarding the amounts that could be substantiated by Precision Seed's records would have resulted in a claim compromise without the need for litigation.  Thus, the award of attorney fees is not reasonable.

(b)   *The objective reasonableness of the claims and defenses asserted by the parties.*

This factor weighs against the award of attorney fees.  Precision Seed alleged causes of action for Failure to Procure Insurance, which had no basis as cause of action under Oregon law. The Complaint alleged damages which Precision Seed reduced over the course of litigation

Page 20 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

through the course of discovery.  At the time, Precision Seed filed suit to put pressure on the insurance company to pay for unsubstantiated claims, by imposing the burden of litigation and the cost of defense.  It would have been far more reasonable to actively and thoroughly substantiate the losses and work to reach an agreement on the ascertainable loss.  Because the timing of the Complaint and the alleged causes of action were not reasonable, this factor weighs in favor of Country Mutual.

(c)    *The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.*

This factor weighs in favor of Country Mutual. An award of attorney fees in this case would dissuade insurance companies from exercising their duty to investigate insurance claims for potential fraud and to ensure claims are supported.  As discussed above in the argument against a mandatory award under the attorney fee statute, allowing an insured to recover attorney fees where there is evidence of non-cooperation and failure to substantiate, would further dissuade insurance companies from investigating questionable claims and from settling disputed claims during the course of litigation.  The benefit of proceeding to trial to obtain the jury's findings that a plaintiff failed to meet its burden to substantiate claimed losses would far outweigh the risk of additional attorney fees.

(d)    *The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.*

This factor is irrelevant. While *denial* of the award of attorney fees may deter others from asserting meritless claims, the *award* of the fees will not.  The defenses asserted by Country Mutual were not meritless.

(e)    *The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings*

This factor weighs in favor of Country Mutual.  Precision Seed presented numerous voluminous and largely unsuccessful motions late in the litigation and after substantial efforts

Page 21 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST         831I58

towards settlement had been made by Country Mutual.  From the filing of the Complaint throughout the litigation, Precision Seed overreached with claims that were tenuous at best, and unsupported in law at worst, to bully County Mutual into paying all of Precision Seed's claimed losses without regard to Precision Seed's burden to prove the amount lost.  Precision Seed states that the Docket contains over 200 entries; it will not escape the Court's notice that over 160 of those entries occurred after the judicial settlement conference during which Precision Seed walked out and refused to participate in further settlement negotiations.

  (f)  *The Objective Reasonableness and Diligence of the Parties in Pursuing*
     *Settlement*

    Here, Precision Seed was not objectively reasonable in rejecting Country Mutual's numerous offers to settle the litigation.  Country Mutual drove all of the settlement discussions. In light of Precision Seed's failure to diligently pursue settlement, no attorney fees are reasonable. Such facts objectively reveal the appearance that Precision Seed's intent was to pressure Country Mutual to pay unsubstantiated losses.  Precision Seeds approach throughout litigation has been to maximize fees.  In the alternative, attorney fees should not be awarded after Precision Seed rejected opportunities to settle.

    In September 2011, Precision Seed accepted an advance of settlement funds and yet did not make earnest attempts to settle the matter.  Attorney fees incurred after the stay to settle the litigation are not reasonable.

    At the judicial settlement conference in August 2012, Precision Seed outright rejected the settlement offer, although the offer did not preclude Precision Seed from seeking attorney fees in addition to the $2,700,000 offered ($2,000,000 new money and $700,000 advance).  Moreover, Precision Seed demanded additional advance payment of settlement funds before it would continue with negotiations.

    Following the judicial settlement conference, Precision Seed filed numerous and voluminous motions including an attempt to limit Country Mutual's ability to defend by seeking

Page 22 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST   831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

to exclude the testimony of Country Mutual's experts and impose discovery sanctions. These motions were denied. The contentious motion practice distracted from legitimate trial preparation efforts and impeded settlement discussions as Precision Seed's attorney fees racked up. Though Precision Seed made no other offer to settle, on January 16, 2013, Country Mutual increased its last offer to $3,238,000 ($2,538,000 new money and $700,000 advance). This offer once again did not preclude Precision Seed from seeking attorney fees and was further clarified to not preclude Precision Seed from arguing for prejudgment interest. Precision Seed's last offer before proceeding to mediation was $4,072,000, exclusive of attorney fees and prejudgment interest. On the brink of trial and after pre-trial documents had been submitted, on April 4, 2013, Precision Seed settled for $2,620,000 new money, and agreed to litigate attorney fees and prejudgment interest. The ultimate recovery was only $82,000 more than Country's offer in January 2013. The final settlement number was $1,452,000 less than Precision Seed's previous settlement offer.

The ultimate recovery could have been achieved at the August 2012 settlement conference, if Precision Seed participated in negotiations rather than walking out. The final settlement amount was $620,000 more than Country Mutual's offer and $635,696 less than Precision Seed's only offer at the judicial settlement conference. The fact that the settlement number was roughly in the middle of the offers objectively shows that the parties could have negotiated to the amount eventually settled upon, if Precision Seed had continued discussions.

Precision Seed claims to have incurred substantial fees related to motion practice and trial preparation after the August 2012 settlement conference. Precision Seed could have avoided those fees had it not refused settlement and cut off further settlement discussions. Thus, Precision Seed's claim to those fees is not reasonable and should be denied. *See TIG Ins. Co. v. Travelers Ins. Co.*, No. 00–1780, 2003 WL 24051560, at *8, 2003 U.S. Dist. LEXIS 26844, at *26 (D. Or. Mar. 24, 2003) (applying Oregon law and refusing to award fees incurred on the duty to defend issue after the party seeking fees rejected a settlement offer that would have

Page 23 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST                831158

favorably concluded that portion of the case). Millard & Bragg submitted billing entries equaling $511,304.00 for fees incurred after August 7, 2012 and through April 4, 2013[1]. *See Thenell Declaration*, Exhibit 14. These fees should be disallowed.

The weight of the factors analyzed under Or. Rev. Stat. § 20.075(1) favors Country Mutual and the award of attorney fees to Precision Seed would be unreasonable. Therefore, the Motion for attorney fees should be denied.

    2.    <u>In the alternative, the factors weigh in favor of limiting the claim for attorney fees.</u>

  If this court is disinclined to deny an award of attorney fees, it must consider the following additional factors in determining the amount of the award.

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services,
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2).

Precision Seed's claim to the amount of attorney fees is unreasonable in numerous respects. 1) The beginning date of accrual predates the date of entitlement; 2) The rates are exorbitant; 3) The amount of time claimed is not clearly segregated from the time spent in a

---

[1]This calculation does not account for the "Voluntary Reduction" applied by Millard and Bragg.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

collateral litigation and prosecuting claims for which no award is recoverable; 4) The time entries lack specificity and clarity as to the tasks completed; 5) The claim includes legal professional billing rates for the work of administrative professionals; and 6) Precision Seed employed independent counsel to litigate the entitlement and reasonable fees and prejudgment interest. These issues are analyzed under the factors of Or. Rev. Stat. § 20.075(2) below.

      (a)     *Time and Labor Required, the Novelty and Difficulty of the Questions Involved and the Skill Needed*

The underlying dispute in this action was always a dispute regarding the substantiation of the claimed amount of losses under an insurance policy. At its heart, the action was no more difficult than showing what property was lost in the fire and what the value of that property was on the date of the fire. Precision Seed was always in the best position to make that showing.

Further, Precision Seed still subscribes to the erroneous notion that Country Mutual conceded the value of the claim based on the valuation of Country Mutual's experts. In the rendering of their opinions, Country Mutual's experts took as assumption the claim as *reported by Precision Seed*, unless the experts observed independent evidence to the contrary. Country Mutual never agreed that Precision Seed met its burden to show what was lost in the fire and the value of that loss. Country Mutual was entitled to obtain expert opinions of value of the claimed property to rebut the evidence presented by Precision Seed in the litigation, in the event a jury found that Precision Seed had met its burden. The Motion for Summary Judgment in which Precision Seed claims to have spent significant time reviewing the accuracy of experts' reports in their reply was denied because this court found that there were issues of material fact for the jury to consider regarding the value of the claim.

Even now, in its Motion for Attorney Fees, Precision Seed's counsel distorts Country Mutual's defenses and actions during litigation and overstates the effort involved in making Precision Seed's arguments to the court. There have been no admonishments by this court that Country Mutual inaccurately cited law and facts. Precision Seed's contentions are misstated. For

Page 25 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST     831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

example, ¶ 13 of the Declaration of Doug Bragg stated that *Tavakloi v. Allstate Prop.& Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 6078, at *11-12 (W.D. Wash. Jan. 15, 2013) holds the opposite of the argument for which it was cited.  The case was clearly cited by Country Mutual as holding differently that the case cited before it by use of the "*but see.*" Dkt. No. 174.  It does not involve advanced expertise to read the contrary, non-binding authority that Country Mutual disclosed in its motion.

Overall, from the initial report of the value of the claim through Precision Seed's last settlement offer before mediation, Precision Seed overreached.  Precision Seed's tactics during litigation were contentious and often took Country Mutual's positions and statement of facts out of context, and attempted to twist some inference of ill-motive onto Country Mutual at every turn. The ultimate issues of the case were much simpler than the black picture Precision Seed wanted to paint and required no specialized expertise or ability to litigate.  Accordingly, there is no adjustment needed to compensate for exceptional skill.

i.      *Fees incurred prior to the date on which the right to attorney fees accrued*

At the earliest, the right to attorney fees accrued after Precision Seed submitted information sufficient to allow Country Mutual to estimate its obligations.  The first submission of any claimed amount was in November 2009, but Paul Kloft testified that he just listed policy limits if he did not know what to list.  The first submission of documents and revised claimed amounts was in June 2010.  Thus, the absolute earliest that Precision Seed could have become entitled to attorney fees under Or. Rev. Stat. § 742.061, if this court finds for an award of fees at all, was six months after this submission and fees should not be awarded prior to December 2010.  Accordingly, a reduction of all fees charged prior to December 2010 is warranted.  In Precision Seed's motion for attorney fees, Millard & Bragg P.C. submitted billing entries totaling $39,540.50 for this time and Kelly & Kelly submitted $7,464.25 for billings during this time. *See Thenell Declaration*, Exhibit 14; *Declaration of Donald Kelly in Support of Plaintiff's Motion for Attorney Fees.*

Page 26 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

ii.      *Clerical or administrative tasks*

Courts typically consider fees for clerical tasks as overhead expenses reflected in the hourly billing rate, and thus not properly reimbursable in an award. *Roberts v. Interstate Distrib. Co.*, 242 F.Supp.2d 850, 861 (D. Or. 2002) (applying Or. Rev. Stat. § 20.075 and reducing the fee award because some of the time entries related to clerical tasks). *See Page 15, Declaration of William H. Stockton In Support of Defendant's Response to Plaintiff's Claim for Attorney Fees ("hereinafter "Stockton Declaration")*

Here, the billing records contain time entries for the time of administrative professionals and administrative tasks, which are not allowed. Accordingly, these fees should be disallowed.

iii.     *Vague Entries*

A number of the billing entries for large blocks of time are unclear regarding the work involved. For several entries, it is unclear whether the work performed related to the coverage issue or the other tort claims. Additionally, several of the entries bill for the time of more than one attorney with no explanation as to the requirement of more than one attorney. A reduction of 50% of the vague entries is appropriate. *See Alexander Mfg., Inc. Employee Stock Ownership & Trust v. Ill. Union Ins. Co.,* 688 F. Supp. 2d 1170, 1184 (D. Or. 2010) (applying Or. Rev. Stat. § 20.075 and reducing fees by fifty percent for vague entries).

In addition, other entries do not appear to relate to any claim at issue in this case, or are so inadequately described that it is impossible to determine whether they were reasonable. *See Stockton Declaration.* There are also several entries where numerous professionals participate in meetings together. The need for the duplication of effort is not described. These time entries should be discounted entirely.   The vague and duplicative entries account for $121,868.50 of Millard & Bragg's billings, between December 2010 and August 2012. Country Mutual argues that when reasonable billing rates and 50 percent reduction are applied to these entries, only $43,202.20 is reasonable. *See Thenell Declaration*, Exhibit 14.

Page 27 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

*iv.      Unreasonable Retention of New Lead Counsel after settlement of the litigation*

Precision Seed's counsel, Millard & Bragg, P.C., has been intimately familiar with the proceedings and facts of this case.  By their own declarations, both Mr. Millard and Mr. Bragg have extensive experience in preparing Motions and Petitions for Attorney Fees.  Additionally, Mr. Bragg states that he has been directly involved in the attorney fee phase of the litigation. Each of the attorneys and staff submitted supporting declarations and over 4,500 time entries. Finally, Precision Seed hired attorneys Markowitz and Berne to offer opinions as to the reasonableness of the rates on time entries.  The addition of attorney Robert Bonaparte to the team of Precision Seed's lawyers was not necessary to the presentation of the motion for attorney fees and prejudgment interest, and is therefore unreasonable.

The result is that a bill has been presented for a significant amount of duplication. Mr. Bonaparte describes his review of the case as including extensive consultations, analyzing voluminous documents and depositions and familiarizing himself with other matter that both parties counsel have been involved.  Millard & Bragg were already acquainted with the case and fully capable of making their arguments to the court.  The addition of yet another attorney to litigate the entitlement and reasonableness of the fees incurred during this litigation is unreasonable and unexplained.  The fees charged are further objectionable on the basis of unreasonable rate and vagueness. *See Stockton Declaration, page 12.* Thus, the fees associated with this effort should be denied.  Country Mutual does not discount the time Millard & Bragg, P.C. spent on these tasks, if not otherwise objectionable.  Accordingly, Country Mutual argues that $18,015.00 of Millard and Bragg's fees are reasonable for the attorney fee "phase."

*(b)      The likelihood, if apparent to the client, that the acceptance of the particular*
*employment by the attorney would preclude the attorney from taking other cases.*

Precision Seed's counsel does not contend his acceptance of the case precluded him from taking other cases.  The acceptance of this matter did not cause a conflict of interest not already had by Precision's counsel.  Precision Seed merely states that the case was time consuming.

Page 28 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

Precision Seed always had the burden to prove its losses. Precision Seed's argument that Country Mutual's withdrawal of its affirmative defense of misrepresentation in their Answer to the Amended complaint in 2011 caused Counsel to decline other work is baffling. If anything, the withdrawing of the defense should have reduced the effort Precision Seed put forth to prove its losses.

*(c), (g) The Fee Customarily Charged in the Locality for Similar Legal Services and the Experience, Reputation and Ability of the Attorneys*

The courts of this district use the most recent Oregon State Bar Economic Survey as a benchmark to determine the fee customarily charged in the locality, and adjust the survey rates for inflation between the date the survey was published and the date the legal services were performed. *Alexander Mfg., Inc. Employee Stock Ownership & Trust v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1184 (D. Or. 2010). The court does not award rates higher than the average without some justification for doing so. *McCormick & Schmick's Seafood Restaurants, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, CIV. 08-1011-AA, 2011 WL 4625728, at *5 (D. Or. Sept. 30, 2011) *citing Sterling Savings Bank v. Sequoia Crossing,* Civ. No. 09–55–AC, 2010 WL 3210855, at *8 (D. Or. Aug. 11, 2010).

The Oregon State Bar published an economic survey in August 2012 and December 2007 hourly rate survey supplement in March 2008.

Here, from August 2009 until the present, Precision Seed claims several attorneys performed worked on its behalf. The average rate for the civil litigation plaintiff attorney in 2012 in Portland was $266 per hour. The average rates in 2012 for years of practice in Portland were $312 (13-15 years); $256 (16-20 years); $280 (10-12 years); and $182 (0-3years). *See Thenell Declaration*, Exhibit 13.

The rates claimed by Precision Seed's multiple attorneys exceed the average for every professional for which rates are claimed. In support of the claimed rates, the attorneys offer their

Page 29 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

declarations as well as the declaration of attorney David B. Markowitz as an expert opinion of the claimed rates. While Mr. Markowitz's reputation as a respected attorney is without question, the facts do not support the rates claimed by Precision Seed's attorneys. Mr. Markowitz's declaration outlines the basis of his opinion on the reasonableness of the rate which included reliance on his independent survey. Interestingly, Mr. Markowitz references the recent case *Nouredine v. Diversity Escrow Home* Case No. 3:11-CV-00410-ST in which this court determined that reasonable hourly rate that Mr. Millard was entitled to was $300 per hour, stating only that since that determination, Mr. Millard has continued to build his insurance coverage practice. Because this court so recently determined Mr. Millard's rate, Country Mutual argues that $300 per an hour, at most, is still an appropriate rate for Mr. Millard. A reasonable rate for Doug Bragg is $200 per hour and the other attorneys in the office could reasonably charge $150 per hour based on their limited experience. *See Stockton Declaration.* A reasonable rate for the paralegal services provided is $100 per hour. When applying the reduced rates, without accounting for any other objection, Millard & Bragg's billings total $494,365. *See Thenell Declaration*, Exhibit 14. When applying the reasonable rates and all of Country Mutual's objections the reasonable amount of attorney fees claimed is $96,662.50.

       (d)     *The Amount Involved and the Results Obtained*

Precision Seed sought $4,965,659 million in contractual damages, but Precision Seed also looked for a Court to award $10,000,000 in extra-contractual and punitive damages. *See Thenell Declaration*, Exhibits 9, 12. The parties ultimately reached a total settlement amount of $3,238,000. For reasons already discussed, the ultimate settlement was substantially less the amounts claimed. A disallowance of the fees incurred after the judicial settlement conference in August 2012 is an adequate adjustment, because, objectively, the matter could have settled on that date for the same amount achieved.

       (e),(f)  *The time limitations imposed by the client or the circumstances of the case/The nature and length of the attorney's professional*

Page 30 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST    831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

*relationship with the client.*

These factors are irrelevant in this case.

    *(h)       Whether the fee of the attorney is fixed or contingent.*

Precision Seed states that this matter was taken on a contingent fee basis and further argues that the contingent nature justifies the award of fees. As such, Precision Seed contends that the award of fees sought is entitled to a multiplier and is reasonable under the percentage method. These arguments fail to address the objective unreasonableness in Precision Seed's diligence in pursuing settlement, and the objective unreasonableness of the claims made by Precision Seed in this action. Furthermore, this matter settled for contractual damages not non-economic damages. The risk involved in accepting contingent matters for contractual claims is significantly less that claims involving non-economic damages. Consideration of the fact that the case was contingent is not dispositive given analysis of the other factors and the request for the multiplier and consideration of the percentage method should be denied.

    *Summary of Reasonable Amount of Fees*

Attached hereto as Exhibit 14 to the Thenell Declaration and also provided in electronic format to the court is the spreadsheet listing Country Mutual's objections to the time submitted by Millard &Bragg. If this court finds that an award of fees is reasonable, Country Mutual's objections discount the reasonable attorney fees to $96,662.50. No amount of fees is reasonable to the firms of Kelly & Kelly and Shenker & Bonaparte because the claim to fees for those firms is unreasonable.

## II.    Prejudgment Interest

By statute, Oregon courts award prejudgment interest at nine percent per year on "[a]ll monies after they become due; ..." Or. Rev. Stat. § 82.010(2)(a). In actions at law for breach of

Page 31 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST    831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

contract, prejudgment is available "only when the exact amount is ascertained or easily ascertainable by a simple computation or by reference to generally recognized standards such as market price and where the time from which interest should run is also easily ascertainable." *Farhang v. Kariminaser*, 230 Or. App. 554, 217 P.3d 218 (2009) adhered to on reconsideration, 232 Or. App. 353, 222 P.3d 712 (2009) (quoting *Strader v. Grange Mut. Ins. Co.,* 179 Or. App. 329, 338, 39 P.3d 903, 908 (2002)). "Because the Oregon courts do not allow prejudgment interest in personal injury actions, *Calcagno v. Holcomb,* 181 Or. 603, 613–14, 185 P.2d 251, 255 (1947), the award is apparently intended to compel debtors to pay debts when due rather than to make whole the party the debtor injured. Prejudgment interest provides a disincentive to debtors to delay settling their accounts.  If, however, a debtor cannot reasonably compute what he owes the creditor, the potential award loses its compulsive effect. A debtor cannot wrongfully withhold that which he cannot know he owes." *SDS Lumber Co. v. Allendale Mut. Ins. C*o*.,* 563 F. Supp. 608, 611 (D. Or. 1983).

Precision Seed relies on the *Strader* and the *Isler v. Shuck,* 38 Or. App. 233, 589 P.2d 1180 (1979), cases to support the argument that although Precision Seed changed the amount of the prayer and the jury ultimately awarded different amounts, an award of prejudgment interest was not defeated.  Both cases are distinguishable from this case.

In *Strader,* the only argument before the court was that "unless the parties agree to the amount of damages or the amount derives from an automatic application of an agreed upon formula, prejudgment interest is improper."  *Strader v. Grange Mut. Ins. Co.,* 179 Or. App. at 338.  The court rejected that argument based on case law that holds that the facts that liability was disputed and the jury did not award all of the damages sought are insufficient grounds to deny prejudgment interest. *Id.* (quoting *Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or.

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

App. 282, 293, 709 P.2d 1103 (1985), *vacated on other grounds* 301 Or. 763, 724 P.2d 822 (1986)).  The *Strader* case expressly did not reach the question of whether a date the amount became due was ascertainable.

In *Isler,* the amount at issue was ascertainable by applying a contractual formula.  Defendants argued in that case that the damages alleged decreased during the trial and in rebuttal.  The *Isler* court held that factual disputes regarding the category an account fell under did not defeat an award of interest if, when the category was found as fact, the formula could be easily applied.  *Isler,* 38 Or. App. at 240, 589 P.2d at 1183.

Prejudgment interest is not appropriate in this case because neither the amount due nor the date it became due is ascertainable.  This case involved an insurance claim for loss of property.   The burden to substantiate the value of the property claimed as lost, rested on Precision Seed under the contract for insurance.  Precision Seed, to this date, has not satisfied that burden.  The amounts paid in settlement of the claim were paid to settle the litigation and risk of further recovery; no admission to liability was made.  There have been no findings of fact made by a jury that would allow the court to determine that an ascertainable amount was due on a certain date. Specifically, there is no finding of fact that establishes whether and when Precision Seed substantiated his claimed losses.  Precision Seed was not entitled to payment unless, and until, he substantiated his losses.  Precision Seed argues that because Country Mutual began investigating the claim on August 26, 2009, sums became due and owing on October 28, 2009, under Or. Rev. Stat. § 742.238, which provides:

> A fire insurance policy shall contain a provision as follows: "The amount of loss for which this company may be liable shall be payable 60 days after proof of loss, as herein provided, is received by this company **and ascertainment of the loss is made either by agreement between the insured and this company expressed in**

Page 33 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST          831158

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496

**writing** or by the filing with this company of an award as herein provided." *Emphasis added.*

There is no fact that ascertainment of the loss was made by agreement or expressed in writing, and thus the date of default cannot be determined. Precision Seed's argument that the beginning of the insurance company's investigation, in and of itself, is insufficient to establish a date on which an ascertainable amount became due. The fact that Precision Seed altered its claimed losses both during the litigation and prior to the litigation, is not the same argument presented by the defendant in *Isler*. Here, under the contract of insurance, Precision Seed was obligated to present and to substantiate his losses. He failed to do so. The evidence of the changing claim amount is evidence that he could not substantiate the losses on a certain date. Because Precision Seed failed to substantiate his claimed losses, the exact amount of the claim due cannot be fixed to a certain date. Therefore, an award of prejudgment interest is not proper.

## CONCLUSION

Based on the foregoing, Country Mutual respectfully requests that the Court DENY Precision Seed's Motion for Attorney Fees and Prejudgment Interest, or in the alternative, limit the award to reasonable fees of $96,662.50.

DATED this 25th day of July 2013.

THENELL LAW GROUP

By: ___/s/ Daniel E. Thenell_____
Daniel E. Thenell, OSB No. 971655
Email: dan@thenelllawgroup.com
Phone: (503) 372-6450
Jillian Hinman, WSBA No. 083623
Email: jillian@thenelllawgroup.com
Phone: (503) 372-6450

Page 34 - DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PREJUDGMENT INTEREST           831I58

Of Attorneys for Defendant
Country Mutual Insurance Company

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223
Telephone: (503) 372-6450
Facsimile: (503) 372-6496