Daniel E. Thenell
**THENELL LAW GROUP**
12909 S. W. 68th Parkway
Suite 320
Portland, Oregon 97223
503-372-6450
dan@thenelllawgroup.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| PRECISION SEED CLEANERS, INC., | Civil No. 3:10-CV-01023-HZ |
| Plaintiff, | **DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES** |
| v. | |
| COUNTRY MUTUAL INSURSANCE COMPANY, | |
| Defendant. | |

I, WILLIAM H. STOCKTON, declare under penalty of perjury as follows:

That I have been retained to evaluate and provide my professional opinion in regards to the attorney fees/billing issues raised by plaintiff's petition for attorney fees in the above-entitled matter.

That I am a duly licensed member of the Oregon State Bar since 1974, the year of my graduation from Northwestern School of Law in Portland, Oregon. That after three years of practice in the trial division in the Oregon Department of Justice, I joined the firm of Schwenn, Bradley, Batchelor & Brisbee where I became a partner in 1980 and

**Page 1 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET; P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

the firm evolved into Brisbee & Stockton LLC where Larry Brisbee and I remain the senior members. I am and have been for a number of years the managing member of the firm. That Brisbee & Stockton LLC is best described as a firm of civil litigation trial attorneys which has been the focus of our practice for nearly five decades. We have and do represent a number of insurance companies and insuring entities covering a wide spectrum of litigation-related services to businesses, professionals, and individuals. We also represent non-insurance clients on a variety of litigation matters in Oregon, representative clients being Costco, Target, and Weyerhaeuser, as well as other smaller business entities.

The above clients and matters have included, but are not limited to, liability claims involving personal injuries, property damage, insurance coverage disputes, economic business losses, intellectual property claims, flooding and fire claims, and various other claims. The majority of the issues that arise relate to insurance coverage issues, liability issues, and damage issues, both economic and noneconomic. The magnitude of the claims has ranged from thousands of dollars to multi-million dollar claims.

That some examples of matters on which I have represented clients through trial are: *Allegro Corporation v. Only New Age Music, et al,* U. S. District Court of Oregon Case No. CV01-0790-HU, before the Honorable Dennis J. Hubel. This case involved intellectual property claims and analysis and evaluation of economic damage claims. This case was tried through verdict, post-trial motions, and ultimately settlement.

**Page 2 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

Another representative claim is the case of *Catalogue Creatives, Inc., v. Pacific Spirit Corporation, et al,* U. S. District Court of Oregon Case No. CV03-966-MO, before the Honorable Michael W. Mosman. This involved intellectual property copyright claims, including the economic claims associated with business losses. The case was tried through trial with the resulting award being in favor of defendant on a fraud counterclaim.

The above cases involved insurance coverage issues, liability disputes, and multi-million dollar business loss claims. In addition, I represented clients in numerous business loss claims before litigation and through litigation or settlement in state courts. Recently I concluded a commercial litigation case involving a product sold at Costco (Costco was not a party to the lawsuit and not my client) wherein Chinese manufacturers, Chinese distributors, American distributors, and an American wholesaler were all parties to a complicated business transaction involving failure and rejection of a large inventory of product. The case involved extensive pre-litigation investigation and analysis of destroyed inventory, rejected inventory, repair of inventory, and evaluations of value of product and business losses. In addition, there were insurance companies involved and insurance coverage issues that were being addressed by all parties. Primarily through the efforts of my client, the case was globally resolved amongst all parties and insurance companies at a mediation which avoided litigation for all parties.

In addition to representing clients, I have also served on multiple occasions as an arbitrator in both panel and sole arbitrator capacities and I have served as a

**Page 3 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

mediator on several occasions.  I have also been retained to testify in court on several occasions as an expert in attorney fees claims and billing practices.

That in addition to being a member of the Oregon State Bar, I am a member of the Federal District Court Bar, the Oregon Association of Defense Counsel, Defense Research Institute, a member of the American Board of Trial Advocates, and a member of the Claims and Litigation Management Alliance.  That I have been recognized in The Best Lawyers in America and SuperLawyers publications for numerous years and have served as the chairperson for the OADC Trial Practice Section, served on the Uniform Jury Selection Committee for the Oregon State Bar, served on the Oregon State Bar Ethics Board, and served on the Washington County Judicial Selection Committee.

### *Information Relied Upon*

That I have relied upon as background information the following information:

(1)    A review of Plaintiff's Motion for Attorney Fees, including the motion itself, declarations of various attorneys and paralegals, and the attachments of time recorded, Exhibits A and B.

(2)    A review of the pleadings.

(3)    A review of correspondence relating to the conduct of the case in specific areas, including settlement and motions.

### *Issues*

That I have identified the following issues for which I believe I have sufficient background information and comfort about my information to address and that I would testify to if called as a witness:

**Page 4 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

(1)    The hourly rate being sought by various attorneys and paralegals/ staff members.

(2)    The billing practices and timekeeping practices of the attorneys involved.

(3)    The concept of retaining numerous lawyers to present "the attorney fee phase" of plaintiff's case.

(4)    The contention that plaintiff was compelled to spend considerable time in documenting their large loss claim by defendants when it was the duty of plaintiff to properly document their claim in order to obtain the payments they were seeking.

(5)    The argument that the case was complex beyond the basic issue of documenting the losses and presenting the proper verification.

(6)    The result obtained through the attorneys' efforts was significant beyond what was being offered by the defendant insurance company.

### Opinion

I am of the opinion that the hourly rates of attorneys Fred Millard, Doug Bragg, and Chris Fanning are not consistent with reasonably accepted rates in Oregon for the services performed.  I am also of the opinion that the amounts sought for "paralegals" as well as staff members characterized as paralegals are not consistent with reasonably accepted rates in Oregon for paralegal services.  I am of the opinion that attorney Fred Millard is probably entitled to a fee of $300 per hour, that attorney Doug Bragg's rate should be approximately $200 per hour, and that law clerk/attorney Chris Fanning's rate should be no more than $175 per hour.

That, in regards to the "attorney fee phase of the case," I believe Mr. Bonaparte's claimed entitlement to fees should not exceed $300 per hour and, furthermore, I believe the work performed by Mr. Bonaparte was largely unnecessary as I

**Page 5 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF
            DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

believe attorneys Fred Millard, Doug Bragg, and Chris Fanning were in a position to present their own attorney fee claim and, more efficiently, able to present and justify their claim for attorney fees.  I am also of the opinion that Mr. Bonaparte's time is improperly documented.

I am also of the opinion that his case did not present any complex legal issues or issues which were novel.   In reviewing the correspondence, the case represented a documentation and evaluation of damages issue with defendant paying and offering significant sums and seeking mediation to resolve the documentation of damage issues.  Certainly, damage evaluation and documentation does give rise to legal interpretation and legal issues, but this case does not appear to have involved issues which were complex, novel, or precedence-setting.

That I am further of the opinion that the paralegal fee should not exceed $125 for the most experienced of paralegals and that it is improper for staff members performing staff functions, which constitute overhead expense, to be billed.  I am of the opinion that certain of the persons claiming paralegal status would not be accepted as paralegals by commercial businesses or their insurers and would not be paid for services which typically are a part of overhead intended to be covered by attorneys' hourly rates.

In regards to documentation of the attorney fee claim, I believe the documentation is inadequate to apprise clients of what work is being performed and there is a large amount of duplication and office conferences amongst attorneys which is unjustified and would not be paid by clients.  There also appears to be a great deal of unnecessary motion practice, i.e., Daubert hearings requested which were denied and seemingly unwarranted on their face, motion practice such as the motion for summary judgment which was not likely to be allowed and was not allowed (the contention that, while it was unsuccessful, it was justified because it would assist in the trial preparation is not a sufficient reason to file and bill a client for legal fees), and failed mediations

**Page 6 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

which appeared in part related to plaintiff's failure to identify the documentation of damage issues early on and retain appropriate documentation and experts to present the claim properly.

### *Fred Millard*

Mr. Millard is an attorney with 15 years of total experience. His declaration states that he was immediately offered a position as an associate construction defect litigator which likely had little benefit relating to this case. He also described having another one-and-a-half years with the public defender's office which again had little benefit in the context of this case. I make this statement on the basis that our firm has represented numerous clients in construction defect cases and I am quite familiar with what a new attorney can perform in a space of two to three months, even if they self-describe themselves as construction defect litigators. Our firm has also interviewed and hired attorneys from the criminal defense/prosecution bar and retained an experienced trial attorney from the DA's office who became a partner and member of our firm, such that I am aware that defending criminal cases has little carry-over into civil litigation, let alone commercial litigation. Consequently, I would consider Mr. Millard as having about 10 to 12 years' experience at the time of taking on this case.

At least in analyzing the two studies that are submitted as some basis for determining fees, the Oregon State Bar 2012 survey for the Portland, Oregon, area places the average and median fees for attorneys generally at $285/$275 respectively, $311/$300 for business litigation, and $309/$275 for civil litigation, excluding insurance defense. The insurance defense exclusion is likely due to client circumstances rather than skill of defense attorneys. For our own firm, with the majority of our practice in Portland/Multnomah County, our fees for lawyers with more than 35 years of experience handling complex business and/or insurance cases ranges from $200 to $300

**Page 7 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

per hour.  I am familiar with other lawyers with similar experience and expertise who charge a similar hourly rate.

In regards to the Maronis Survey, and the comment that it is well received, the Maronis Survey is a study commissioned by commercial attorneys and directed at attorneys who purportedly consider themselves as "commercial" attorneys. Consequently, I believe the Maronis Survey, contrary to the Oregon State Bar Survey, is flawed because it is self-serving and not consistent with reasonable rates for cases being handled by plaintiff and defense attorneys involving insurance companies, involving potential coverage disputes, and in particular cases that deal with the issue of substantiating and evaluating the economic losses and presenting that documentation in order to obtain appropriate recoveries by the clients.

In addition to the above, Judge Anna Brown, during the course of this case and at a time when a substantial portion of the work was performed, determined that attorney Millard's appropriate rate was $300 per hour.  I would strongly disagree with the suggestion that Mr. Millard is somehow entitled to a 33 percent increase in his hourly rate from April 12 to July 13 on the basis that an attorney has "continued to build" his practice.  I do not know what that phrase means and it is certainly not one of the criteria for awarding attorney fees.  It is well known that the economy in Oregon has been weak, as it has been nationally, until very recently such that firms have down-sized, lawyers have difficulty maintaining workloads, lawyers have been terminated, and purchasers of legal services are pushing for lowering or maintaining fees or seeking lawyers that are considered more reasonable in their rate structures, particularly sophisticated purchasers of legal services which are knowledgeable about the market.

Finally, in reviewing the billing records of the law firm, there are a host of conferences among lawyers, specifically Fred Millard, Doug Bragg, and Chris Fanning, when all lawyers bill time.  Many commercial clients with litigation guidelines

**Page 8 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-0677
FAX (503) 648-1091
law@brisbeeandstockton.com

specifically state they will not pay for interoffice conferences, particularly in the instance of the three lawyers involved requesting a combined hourly rate that approaches $1,000 per hour.  It is simply not acceptable that a lawyer claims expertise to the extent of seeking even $300 per hour, let alone $400 an hour, and then claims time to "think tank" with other lawyers, including lawyers that have just recently passed the bar.  While a certain amount of conference time might be justified, it is certainly nothing on the magnitude of what is claimed in this case.  If office conferences are justified and necessary because of circumstances that arise, that justification needs to be set forth in the billing.  Even under those circumstances, typically one attorney, usually the senior attorney, bills for the time.  This is the same circumstance presented when three attorneys appear, together with paralegals, to conduct a mediation.  Most knowledgeable purchasers of legal services would refuse to pay for the attendance of all those personnel or would simply look for other attorneys that were competent in their expertise and in the handling of a mediation without the need for an entourage.

      The mediation circumstances noted above are also a part of the issue regarding what I perceive to be a lack of complicated/novel issues and the need for a multitude of people to attend mediation sessions.  As noted before, the communications regarding attempts to schedule and conduct mediations/settlement conferences as well as substantial offers represented by the initial payment of $700,000 in 2011, a further offer of $2 million in 2012, and a further offer of $2.5 million in January 2013 certainly seems to suggest that the defendant was not the source of what is described as a contentious litigation.  It certainly is the obligation of the plaintiff to establish its damage claims which would typically involve retention of experts to document the damage issues sufficiently to submit them for consideration.  There is certainly nothing contentious about the defendants having to respond to a number of motions by plaintiff which were unsuccessful, including the threat of punitive damage claims and tort claims.  While

**Page 9 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF**
**DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

there is commentary about the magnitude of plaintiff's recovery, it does not appear that plaintiff's recovery was as substantial as characterized when considering the initial offers made and an effort to mediate the cases rather than litigate the cases.

### *Doug Bragg*

In regards to Mr. Bragg, I am unfamiliar with Mr. Bragg although our firm has dealt with Mr. Bragg in the past. I have spoken to the members of my firm and understand that Mr. Bragg has skills as a lawyer and is a good person to deal with in litigation. However, while he probably displays skills consistent with his experience and may be a good "complement" to Mr. Millard, he is not of the experience, expertise, or skills to command fees of $350 per hour. I have reviewed his website which does not disclose any particular information other than having worked for the on-premises sign industry regarding first amendment issues. His declaration does not specifically state when he joined Mr. Millard, but he does state that his association is for approximately four years such that it appears he started performing business work with Mr. Millard four years ago in 2009. Consequently, it appears that Mr. Bragg had some amount of business (commercial) litigation for about one year prior to performing work on the case that is before the court. I also do not see that he has been recognized by any organizations, nor has he any affiliations with organizations in regards to business, nor does he have any ratings of any note.

Simply based upon his experience and reputation factors, it would appear that an appropriate rate would be much nearer to $200 per hour which is considerably more than many experienced and well-respected litigation attorneys are charging in this area.

In addition, the comments made about interoffice conferences and billing practices contained in my comments regarding Mr. Millard's claim are also applicable for Mr. Bragg. While I would expect Mr. Bragg to seek guidance from a more senior and

**Page 10 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

experienced attorney, conference time for those conferences is surely not to be charged to a client. Clients are not interested in paying for a less experienced attorney educating himself at their expense. I clearly do not agree with the suggestion that 25 percent of the conference time should be reduced as noted above, and, upon reviewing the bills, it would appear that, more likely than not, rather than reducing the time by 25 percent, the senior attorney should be the only one charging time and it would appear that only about 25 percent of the conference time could likely be justified as necessary. Otherwise, in full disclosure to a client in a retainer agreement, the client should be advised that numerous interoffice conferences will be required where all three attorneys would be participating and their collective hourly rates would be charged to the client.

### Chris Fanning

I clearly disagree that Chris Fanning, a law clerk at the start of this litigation and an almost totally inexperienced lawyer during the remainder of the litigation, would command a rate of $250 per hour or that a client, knowledgeable or otherwise, would agree to pay a new, inexperienced attorney $250 per hour in the Portland, Oregon, area. Even a rate of $175 per hour is a significant hourly rate, although it is a more reasonable rate and would arguably be a rate recognized on the Oregon State Bar Survey. It should be noted that Mr. Fanning apparently received his law degree in May 2011 and his resume relates that he researched legal issues relating to general civil litigation and assisted other attorneys. Mr. Fanning appears to be providing basic entry-level attorney work that typically would be billed at $150 per hour or less.

Again, many very respected and very experienced attorneys charge $175 per hour in the Portland area. See Declaration of Don Kelley, a 1974 graduate of Willamette University and senior member of his law firm with over 30 years of experience charging $215 per hour. Similarly, his associate, a graduate of Willamette University in 2008, with three more years of experience than Mr. Fanning, was charging

**Page 11 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
Attorneys at Law
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

$165 per hour.  These are rates that are more commonly encountered in Portland, Oregon, and are certainly consistent with the hourly rate of $150 to $165 for Mr. Fanning.

### Robert Bonaparte

I am of the opinion that the work performed by Mr. Bonaparte is largely unnecessary and his hourly rate is extraordinary.  While Mr. Bonaparte is recognized as an excellent attorney and expert in the area of attorney fees, a question has to be raised why lawyers Millard, Bragg, and Fanning, purported to be top lawyers in commercial litigation, are unable to present their own case for attorney fees, prepare their own submissions and declarations of time spent and justification for entitlement to attorney fees.  The procedural rules and considerations to be utilized in providing attorney fees is a fairly well known body of law for experienced attorneys.  Additionally, the case law relating to proofs of loss and interpretation of ORS 742.061 is also rather well known for anyone practicing law that involves insurance claims and claims for attorney fees under insurance contracts.  A large share of Mr. Bonaparte's time was spent familiarizing himself with the file and drafting and reviewing other persons' declarations (as well as apparently gathering information for other declarants regarding the expertise and reputation of attorneys).  There are also a number of unspecified entries regarding contacting other unnamed experts which were apparently not utilized for some reason inasmuch as they are not identified as the experts utilized that were identified.

In many instances, Mr. Bonaparte's billing records would not be accepted or, at the very least, the billing records would be questioned, rejected, or substantiation demanded.  Entries such as the following are examples:

"Prepare and conduct communications with counsel" Entries 4-29-13, 5-2-13, 5-3-13, etc.

"Work on fee agreement (.4)" 4-29-13

**Page 12 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
Attorneys at Law
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

"Work on retainer agreement (1.2)" 5-2-13

"Work on fee agreement (.8)" 5-3-13

"Work on notice of association (.4)" 5-3-13

"Finalize and file notice of association (.3)" 5-8-13

The above entries would suggest that there was something unusual about the fee agreement and that the firm had not prepared fee agreements in the past. Additionally, there does not appear to be anything unusual about the association of attorneys which typically takes no more than a couple of minutes to dictate or have the staff utilize a form of association previously used.

There are a host of entries regarding the preparation of the declaration for Dave Markowitz totaling some 15 hours. There are similar entries for the declarations of Berne/Bragg/Millard/Kelley/paralegals.

Other entries include preparation of three letters to Dan Thenell, two on May 8, 2013, and one on May 9, 2013, all totaling almost one hour to prepare a letter. One of the letters proposes a mediation and two of the letters regard a concession. It is unknown why it would take almost one hour to propose a mediation and 1.6 hours to correspond about a concession. There is also no indication the letter was actually sent.

Again, there are numerous entries for preparation and conducting communications with potential experts (it is uncertain what conducting communications is) and legal research regarding attorney fee entitlement, guidance and federal court motions. There are also a number of entries that simply state "work on motion," the motion or work being unidentified.

The above entries are examples of vague, nonspecific entries that do not allow a client or bill auditor to know whether duplicate billings are being submitted, what task is actually being performed, was the task necessary, and is the attorney billing time for information that should have been known within his expertise and within his

**Page 13 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

requested hourly rate.   Essentially, the client should be in a position to actually understand what the attorney is performing and whether that work is providing any value to the client in addressing the issues and resolving them.  It seems extraordinary that the duplication between the Millard Bragg law firm and Mr. Bonaparte's law firm generating some $100,000 in attorney fees in a space of less than 60 days to present an attorney fee petition is unreasonable on its face.  It should be noted that a good deal of the time appears to result from having to organize Mr. Millard's file and revising his billing records from the 229 pages contained in Exhibit B to the 128 pages contained in Exhibit A.  This, with the recalculation due to deletion of time, appears to be attributable to the Millard and Bragg timekeeping practices rather than being the responsibility of defendant.

### Law Clerks

While this is not a significant amount, the hourly rate of $185 for a law clerk is inconsistent with law clerk rates.   The rate is higher than fairly new, inexperienced attorneys.  Once again, see the Declaration of Don Kelley and the rate his associate with three to four years of experience as a lawyer is charging.  While not entirely comparable, I am familiar with contract attorneys performing periodic work for law firms and law students working as law clerks.  Fees for admitted lawyers range from $90 to $125 per hour with non-lawyers or non-admitted lawyers probably being in the same range.

### Paralegals

Initially, I do not believe that all of the people identified as paralegals actually have paralegal qualifications.  In reviewing the qualifications, it appears that Claire Fry falls into the administrative assistant/scheduling/office manager category as does Heidi Gross who appears to be an administrator/legal secretary dealing in firm operations, clerical duties, and accounting or bookkeeping.  It is not clear about Talbot

**Page 14 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF
          DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

Andrews who is slated to graduate from school in 2016.

Simply in terms of paralegals, I believe $170 per hour for a paralegal is unwarranted. Paralegals are regularly approved at $75, sometimes up to $100, but in an area where experienced, long-time attorneys are charging $175 to $250, $170 per hour for a paralegal is not a reasonable fee. $75 to $90 is a more appropriate fee for paralegal services.

Additionally, in regards to the paralegal claims, once again, there is a host of charges, see page 67 of Exhibit A, wherein there are conferences with attorneys regarding depositions, telephone calls regarding scheduling, receiving e-mails from the court reporter, printing out e-mails, cancelling depositions, and these entries appear through the billing statement. These sorts of claims in billings are typically rejected and not paid as being everyday administrative/staff overhead responsibilities conducted by secretaries such that they are recognized as secretarial functions. Once again, clients do not and should not pay for the attorneys' attorney fee rate and then pay for the attorneys' overhead and administrative needs, particularly those charged at attorney rates.

From the attorney fee petition, it is unclear what the law firm is paying its paralegals or if they are paying them something in addition to their regular salary as office staff members. If there are payments being made to law clerks, paralegals, and staff members which is then enhanced for purposes of submitting bills, that should be disclosed to the client to determine if that is agreeable to the client. At present, I do not see anything in the submissions by the Millard and Bragg law firm that they are paying the law clerks $185 per hour or the paralegals at $170 per hour.

///

///

**Page 15 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF
DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

**DATED** this 24th day of July, 2013, at Hillsboro, Oregon.

_____
William H. Stockton

**Page 16 - DECLARATION OF WILLIAM H. STOCKTON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR ATTORNEY FEES**

BRISBEE & STOCKTON LLC
*Attorneys at Law*
139 N.E. LINCOLN STREET, P.O. BOX 567
HILLSBORO, OREGON 97123
TELEPHONE (503) 648-6677
FAX (503) 648-1091
law@brisbeeandstockton.com