IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PRECISION SEED CLEANERS,
an Oregon corporation,

                Plaintiff,                        No. 03:10-cv-01023-HZ

     v.

COUNTRY MUTUAL INSURANCE                 OPINION & ORDER
COMPANY, a foreign business
corporation,

                Defendant.

Douglas M. Bragg
Frederick M. Millard
MILLARD & BRAGG ATTORNEYS AT LAW P.C.
6650 SW Redwood Lane
Suite 330
Portland, Oregon 97224

Robert E.L. Bonaparte
SHENKER & BONAPARTE
1500 S.W. First Avenue, Suite 765
Portland, Oregon 97201

      Attorneys for Plaintiff

1 - OPINION & ORDER

Daniel E. Thenell
Jillian M. Hinman
THENELL LAW GROUP, PC
12909 SW 68th Parkway, Suite 320
Portland, Oregon 97223

    Attorneys for Defendant

HERNANDEZ, District Judge:

    In an October 1, 2013 Opinion, I granted in part and denied in part Plaintiff Precision Seed Cleaners's Motion for Attorney Fees and Prejudgment Interest.  Both parties now move for reconsideration.  I agree with Plaintiff that the prejudgment interest award in the October 1, 2013 Opinion was based on my oversight in failing to cite to a certain portion of the June 20, 2013 Douglas Bragg Declaration.  Therefore, I agree with Plaintiff that reconsideration of the prejudgment interest portion of the October 1, 2013 Opinion is appropriate and that Plaintiff should be awarded $884,308.42 in prejudgment interest.  Accordingly, I grant Plaintiff's motion for reconsideration.

    I reject Defendant's argument that my analysis on the prejudgment interest was "manifestly unjust" to Defendant and therefore, I deny Defendant's motion for reconsideration on the prejudgment interest issue.  I also agree with Plaintiff that Defendant's arguments in support of reconsideration of the attorney fee portion of the October 1, 2013 Opinion are new and not properly raised in a motion for reconsideration and in any event, lack merit.  Thus, I deny that portion of Defendant's motion.

I.  Prejudgment Interest

    A.  Plaintiff's Motion for Reconsideration

    My analysis of Plaintiff's motion for prejudgment interest is discussed at pages 42-56 of

2 - OPINION & ORDER

the October 1, 2013 Opinion.  I do not repeat that here.  However, I note that in my discussion of the prejudgment interest issue, it is apparent that what I found to be a lack of evidence in the record caused me to conclude that Plaintiff could not establish a basis on which to make a prejudgment interest award as to some of Plaintiff's losses.  As part of that discussion, I noted that Plaintiff made what I characterized as an unsupported assertion in its Memorandum regarding the specific amounts paid by Defendant for the seed and equipment losses and the dates on which those amounts were paid.  Oct. 1, 2013 Op. at 50 n.9 (citing to Plaintiff's Memorandum at 30).

I did not err in stating that Plaintiff's assertion of the amounts paid by Defendant on page 30 of Plaintiff's Memorandum was unsupported.  That page cites to no evidence in support of the claimed amounts.  However, I overlooked an earlier citation, on page 25 of Plaintiff's Memorandum, to paragraph 29 of Bragg's Declaration.  There, Bragg states that

> [o]n April 4, 2013 the parties entered into a settlement agreement which required defendant to pay an additional $2,620,000.00 on April 18, 2013.  On April 18, 2013, plaintiff received payments from defendant in the following amounts and designations: $25,000.00 for Business Income/Exp.; $1,000,000.00 for Precision Seed's seed; $400,000.00 for seed of others; $597,500.00 for Business Personal Property (improperly made out to payees other than as agreed); $597,500.00 for Business Personal Property (improperly made out to payees other than as agreed).  Finally, on May 15, 2013, plaintiff received checks totaling $1,195,000 to replace the two scheduled and unscheduled equipment checks which improperly included additional payees and (mostly) conformed to the terms of the settlement agreement.

Bragg Decl. at ¶ 29.

Although there is no excuse for my oversight, I am compelled to note that all of the briefing, declarations, and exhibits filed by both parties in support of and in opposition to the Motion for Attorney Fees and Prejudgment Interest comprised more than 900 pages of material.

3 - OPINION & ORDER

And, while I cited to several parts of Bragg's Declaration, e.g., Oct. 1, 2013 Op. at 19, 20, 21, 23, 36, indicating that I considered its contents in my analysis, I still somehow overlooked paragraph 29. This was a mistake on my part.

As such, Plaintiff properly relies on Federal Rules of Civil Procedure 60(a) or 60(b)(1) in seeking reconsideration. Under Rule 60(a), the "court may correct a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(b)(1) gives a party the right to seek relief from a final judgment, order, or proceeding for several reasons, including mistake. Fed. R. Civ. P. 60(b)(1). Either rule is appropriate in this situation.

I agree with Plaintiff that Bragg's description of the settlement amounts, designations, and dates of payment in paragraph 29 of Bragg's Declaration was sufficient evidence to establish that Defendant paid those amounts for seed and equipment losses. Had I considered this evidence, I would have concluded in the October 1, 2013 Opinion that Plaintiff had established a basis for an award of prejudgment interest as to those losses.

Defendant notes that the settlement agreement states that it is a compromise of disputed claims, the payments are not to be construed as admissions of liability on the part of any party, and liability is expressly denied. Because of this language, Defendant argues that the payments cannot be considered as having been made for any actual losses suffered by Plaintiff and therefore cannot support an award of prejudgment interest. I disagree.

As I explained in the October 1, 2013 Opinion, Defendant's position that the money it paid Plaintiff in April and May 2013 was solely for the cost and risk of litigation is unreasonable. Oct. 1, 2013 Op. at 45, 50. Additionally, any settlement payment is a compromise of a disputed

4 - OPINION & ORDER

claim.  That is the nature of a settlement agreement.  And, settlement agreements commonly

contain language denying liability.  But, this is not inconsistent with the payments being

attributed to certain claimed losses.  The point of a settlement agreement is to say "I don't think

you have a claim, I do not think I am liable to you, but because of certain risks if we go to trial

and continue to litigate, I am willing to pay you x amount of money toward your claim."  One can

deny liability but still offer to pay a certain amount of money on behalf of a certain claim.  As a

result, the payments Defendant made to Plaintiff in the amounts described by Bragg which are

clearly attributable to particular coverages in the policy (e.g., equipment, seed, business income),

are properly considered to have been made on account of those particular losses.

Paragraph 29 of Bragg's Declaration provides the evidence I previously thought was

lacking.  I have reviewed Attachment #1 to Plaintiff's Motion for Reconsideration which sets

forth a modified prejudgment interest calculation consistent with the methodology I used in the

October 1, 2013 Opinion.  See Attchmt 2 to Oct. 1, 2013 Op.  Plaintiff's calculations are accurate

and are consistent with the evidence as described by Bragg in paragraph 29 of his Declaration.

Therefore, having reconsidered the October 1, 2013 Opinion, I modify that Opinion and award

Plaintiff $884,308.42 in prejudgment interest consistent with the calculations in Attachment #1

to Plaintiff's Motion.

B.  Defendant's Cross-Motion for Reconsideration

Defendant moves to strike the entire award of prejudgment interest.  Defendant argues

that my analysis of the prejudgment interest issue was "manifestly unjust" to Defendant because

it advanced an argument that Plaintiff failed to make and relied on evidence Plaintiff failed to

present.  Defendant suggests that my analysis "robbed" Defendant of the opportunity to respond.

5 - OPINION & ORDER

Defendant contends that Plaintiff failed to meet its burden of proof in establishing its right to prejudgment interest because the court relied on Defendant's expert witness to conclude that the amount of loss was readily ascertainable. Defendant argues that contrary to my conclusion, existing unresolved disputes of fact regarding the ascertainability of the amount of loss, and the date of loss, preclude an award of prejudgment interest.

My discussion and resolution of Plaintiff's motion for reconsideration in the preceding section effectively moots Defendant's position because in concluding that the record establishes a basis for the prejudgment interest award for seed, equipment, and business interruption loss claims, I now rely on the evidence in Bragg's Declaration regarding the amounts paid by Defendant, the dates the payments were made, and the attribution by Defendant as to what particular insurance coverages the amounts were paid under. Even still, Defendant cites to no authority for its proposition that in resolving a motion or analyzing an issue, a court is restricted only to the evidence presented with the pending motion and is prohibited from looking at other evidence in the record. Defendant cites to no authority that a party's failure to cite to specific evidence that is already in the record means that the party has failed to meet its burden of proof. Defendant's argument exposes a misunderstanding of the court's task and role. The court resolves issues presented to it by analyzing the appropriate law and reviewing the relevant facts. While the relevant facts are commonly presented to the court in the context of a particular motion, there is no basis for concluding that the court is limited to the facts so presented and is prohibited from relying on facts found elsewhere in the record. Moreover, as Plaintiff notes, Plaintiff cited to the reports of Defendant's experts in its discussion of the prejudgment interest issue and although I relied on parts of the reports not expressly cited by Plaintiff, Defendant can

hardly claim that it was surprised by the importance of the expert reports to the issue of ascertaining the amount of loss sustained by Plaintiff.

Finally, I reject Defendant's contention that my having relied on an argument that Plaintiff did not make was unjust. As I explained in the October 1, 2013 Opinion, neither party's analysis of the prejudgment interest issue was particularly helpful. Given that the parties' voluminous 900-plus pages of filings had not provided much assistance, I was unconvinced that additional briefing would be fruitful. Defendant does not contend that my analysis was based on inapplicable law or that I misstated the facts in the record. Instead, Defendant concedes that I correctly stated its position challenging the existence of property claimed by Plaintiff. Def.'s Mem. at 7. Defendant implicitly contends that unless disputed facts relevant to a prejudgment interest award are resolved by a jury, there can be no award of prejudgment interest. In Defendant's view, unless a settlement agreement expressly contains a prejudgment interest award, no such interest could be awarded. Because I do not view that as an accurate interpretation of the law, or as sound policy, I reject the argument. Because Defendant provides no basis for concluding that my analysis was in error, I reject Defendant's argument that it was prejudiced by my decision. I deny Defendant's cross-motion for reconsideration on the prejudgment interest issue.[1]

/ / /

---

[1] I also reject Defendant's argument that the record does not allow a determination of when the losses became ascertainable. I have reviewed the discussion of this issue at page 55 of the October 1, 2013 Opinion and continue to conclude that the losses were ascertainable as of January 11, 2010, sixty days from November 13, 2009. That Plaintiff may have continued to provide Defendant information after that date does not mean that the losses were not first ascertainable on that date.

7 - OPINION & ORDER

II.  Attorney Fees

Despite my having expressly acknowledged in the October 1, 2013 Opinion that it was Plaintiff's burden to show that the time billed was reasonably related to the claim on which it prevailed, Oct. 1, 2013 Op. at 33, despite my acknowledgment of Defendant's objection to the fee requests for time that did not appear to relate to a claim at issue or for time so vaguely described that it was unclear if was for work on the coverage claim, id. at 32-33, and despite what Defendant itself characterizes as my "painstaking" review of each of the 4,503 time entries, Defendant argues that the October 1, 2013 Opinion's attorney fee award includes fees for time unrelated to the claim on which Plaintiff prevailed.  Specifically, Defendant argues that the fee award includes fees for (1) tasks which were part of another litigation or unrelated to the first party action; (2) tasks which were conducted in pursuit of successful claims or motions which were unrelated to the claim on which Plaintiff prevailed; and (3) time spent pursuing unsuccessful claims and an excluded expert.  In Exhibit 1 to the October 11, 2013 Daniel Thenell Declaration filed in support of its motion for reconsideration, Defendant specifically challenges several hundred of the 4,503 individual time entries.  Based on these objections, Defendant moves to reduce the fee award by $115,487.60, for a total fee award of $423,955.60.

As with Plaintiff's motion, Defendant moves for reconsideration under Rules 60(a) and 60(b)(1).  Although not cited in the actual motion, Defendant's Memorandum also cites to Rule 60(b)(3).  Rules 60(b)(1) and 60(b)(3) do not provide Defendant with an avenue for relief because there is no newly discovered evidence, no clear error or manifest injustice, no change in controlling law, and no fraud, misrepresentation, or misconduct by Plaintiff.  See Fed. R. Civ. P. 60(b)(1), (3); Hunt v. City of Portland, 726 F. Supp. 2d 1244, 1277-78 (D. Or. 2010) (discussing

basis for reconsideration under Rule 60(b)), aff'd, No. 11–35600 (9th Cir. Oct. 21, 2013).

Under Rule 60(a), the court may correct mistakes, oversights, or omissions in a judgment or order. Fed. R. Civ. P. 60(a). Plaintiff argues that several of the objections raised in Defendant's motion should not be the subject of reconsideration because they are actually new objections and are not directed at correcting a mistake or omission in resolving a previously-made objection. I agree with Plaintiff.

Defendant's objections to Plaintiff's fee motion were (1) Plaintiff claimed time for hours expended before it was entitled to fees; (2) the amount of time claimed was not clearly segregated from the time spent in a collateral litigation and in prosecuting claims for which no award is recoverable; (3) the time entries lacked specificity and clarity as to the tasks completed and were vague; (4) some of the time claimed was for administrative or clerical tasks billed at a legal professional rate; and (5) Plaintiff billed for time spent by new counsel hired post-settlement and for the purpose of litigating the fee and prejudgment interest issues. Def.'s Mem. in Opp. to Mtn for Fees at 24-28. Defendant also objected to all time expended after a failed August 2012 settlement conference. As to the objections regarding time spent on unrelated claims, Defendant articulated its objections as follows: "A number of the billing entries for large blocks of time are unclear regarding the work involved. For several entries, it is unclear whether the work performed related to the coverage issue or the other tort claims. . . . . [O]ther entries do not appear to relate to any claim at issue in this case, or are so inadequately described that it is impossible to determine whether they were reasonable." Id. at 27.

Exhibit 14 to the July 25, 2013 Daniel Thenell Declaration shows all time entries in Plaintiff's fee petition along with Defendant's objections to particular time entries. There,

Defendant objected to all pre-December 2, 2010 time entries as having been for time expended

on the case before Plaintiff was entitled to fees.  Ex. 14 to July 25, 2013 Thenell Decl. at 1-7.

Defendant chose to raise only that objection to those time entries and no other.  Id.  Plaintiff is

correct that any objections made to the pre-December 2, 2010 time entries in Defendant's motion

for reconsideration and based on Defendant's objection that the time spent was not related to the

claim at issue, are new.  A motion for reconsideration is not the proper time to raise specific

objections for the first time.  See Hunt, 726 F. Supp. 2d at 1278 (motion for reconsideration "is

an improper vehicle to tender new legal theories") (internal quotation marks omitted); Adidas

Am., Inc. v. Payless Shoesource, Inc., 540 F.Supp.2d 1176 (D. Or. 2008) ("Motions for

reconsideration are generally disfavored, and may not be used to present new arguments or

evidence that could have been raised earlier").  Nothing precluded Defendant from previously

raising multiple objections and thus, Defendant could have made objections to these entries on

more than one basis.

Defendant's objections to the specific time entries between December 2, 2010 and August

7, 2012 were either "vague" or "duplicative."  Id. at 7-30.  There were no objections for

"unrelated litigation," "unrelated to first-party action," "inclusive of unsuccessful tort claims," or

"unsuccessful claims/motions," the objections made in the motion for reconsideration.  Compare

Id. with Ex. 1 to Oct. 11, 2013 Thenell Decl.  Although Defendant's "vague" objection apparently

was intended to encompass its argument that the entry was too vague to determine if the time was

spent on the coverage issue claim, Defendant did not previously make the specific objections it

makes now.  Again, new objections are not properly raised in a motion for reconsideration.

Additionally, dozens if not hundreds of the entries to which Defendant now objects were

10 - OPINION & ORDER

not even the subject of one of Defendant's previously-made "vague" objections.  For example, Defendant presently objects to ten time entries on March 9 and 10, 2011 as being unrelated to the first-party action, inclusive of unsuccessful tort claims, or unrelated litigation.  Ex. 1 to Oct. 11, 2013 Thenell Decl. at 10.  In its July 25, 2013 filing, Defendant objected to only two of those entries as "vague."  Ex. 14 to July 25, 2013 Thenell Decl. at 8.  In another example, Defendant presently objects to eight time entries between September 9, 2011 and September 19, 2011 as being unrelated to the first-party action or inclusive of unsuccessful tort claims.  Ex. 1 to Oct. 11, 20123 Thenell Decl. at 18.  In its July 25, 2013 filing, Defendant objected to only one of those entries as vague.  Ex. 14 to July 25, 2013 Thenell Decl.  Dozens of entries Defendant presently objects to as "unsuccessful claims/motions" or "excluded expert/unsuccessful claim" were not previously objected to on any basis.  E.g., (1) 0.7 hours billed by Conde on April 6, 2011; (2) 0.7 hours billed by Bragg on April 11, 2011; (3) 0.2 hours billed by Bragg on May 3, 2011; (4) 0.4 hours billed by Bragg on August 4, 2011; (5) 0.5 hours billed by Fanning on August 17, 2011; (6) 0.3 hours billed by Millard on December 5, 2011; (7) 0.7 hours billed by Bragg on January 4, 2012; (8) 0.3 hours billed by Bragg, 0.1 hours billed by Millard, 0.2 hours billed by Millard, and 0.5 hours billed by Millard, all on January 5, 2012; (9) 0.2 hours billed by Bragg, 0.2 hours billed by Bragg, both on April 26, 2012; and (10) 0.6 hours billed by Bragg on August 2, 2012.

In its July 25, 2013 objections, Defendant also objected to all time entries after August 7, 2012.  Defendant argued that Plaintiff acted so unreasonably at an August 2012 settlement conference that Plaintiff was not entitled to fees after that date.  None of the objections Defendant presently makes against those time entries was previously made, even though nothing prevented Defendant from making multiple objections to the same time entry.

11 - OPINION & ORDER

The vast majority of the objections Defendant presently makes are new. Defendant had the opportunity to make these objections previously and chose not to do so. Because it is not appropriate to raise new issues or arguments in a motion for reconsideration, most of Defendant's objections are not well taken.

Even if I were to consider them, however, and to the extent I construe any current objection as a more specific explanation of a time entry Defendant previously objected to as "vague," I deny Defendant's objections. First, the time counsel spent on a motion is reasonably taxed to Defendant even if that motion was denied. <u>Frevach Land Co. v. Multnomah Cnty.</u>, No. 03:99-cv-01295–HU, 2001 WL 34039133, at *6-7 (D. Or. Dec. 18, 2001). Several of the time entries Defendant challenges as "unsuccessful motions" are properly compensable because even though denied, they advanced the litigation. For example, the summary judgment motion helped crystallize the dispute between the parties over the existence of some of the claimed lost seed and equipment and began the discussion of the prejudgment interest issue. The motion for sanctions was denied, but I told counsel that the issues could be raised as motions in limine.

Second, in its attorney fee motion, Plaintiff made clear that it had <u>already</u> deducted time for certain tasks and that the fee petition did not include time entries for the following time, which Plaintiff separately itemized:

> time spent on: (i) the <u>Ionian</u> matter ($203,776.00 in paralegal, law clerk and attorney time, not including work performed on the appeal); (ii) claims other than the breach of insurance contract for the fire loss (i.e. tort claims, breach of contract to procure insurance claim, resolving issues with seed of others growers, etc.) ($55,983.00 in paralegal and attorney time); and (iii) primarily administrative tasks ($25,385.00 in attorney, paralegal and law clerk time). Plaintiff's motion for attorney fees <u>excludes</u> this approximately $285,000.00 of such time.

June 20, 2013 Fred Millard Decl. at ¶ 4(b). Thus, the fee petition Plaintiff submitted already

12 - OPINION & ORDER

excluded time spent on unrelated claims.

Third, I agree with Plaintiff that the successful breach of contract claim had several components, including, as Plaintiff states, the procurement of the insurance policy, the fire, and the investigation and payment (or non-payment as Plaintiff refers to it) of the loss. See Pl.'s Opp. to Def.'s Cross-Mtn at 8-9. Some of the time entries directed to research and investigation of these issues was factually relevant to the successful breach of contract claim. Additionally, although Plaintiff did not succeed on its claims for intentional interference with economic relations, breach of contract to procure insurance, and conversion, some of the time spent on issues relevant to those claims overlapped with parts of the breach of contract claim. For example, the conversion claim overlapped with the breach of contract claim because part of Plaintiff's conversion theory was that Defendant's allegedly improper disposition of scrap metal may have influenced Slack's testimony regarding the equipment he was unable to find on the site. This affected the damages claim for lost equipment under the breach of contract claim. The breach of contract to procure insurance claim influenced the amount of damages available under the business interruption portion of the breach of contract claim. Because Plaintiff's fee petition already subtracted a substantial number of hours for time spent on unrelated claims and because some of the time spent on those claims was related either legally or factually, or both, to the successful claim, I reject Defendant's argument that the fee award includes time spent on unrelated unsuccessful claims.

Fourth, Bragg explains in his October 25, 2013 Declaration why Defendant's objections to the "excluded expert" are not well-taken. The objections are to John Poe, one of Plaintiff's experts whose testimony Defendant challenged in a Daubert hearing. As Bragg explains,

13 - OPINION & ORDER

Plaintiff used Poe to help analyze both the business interruption portion of the breach of contract claim and Thompson's report on seed losses.  Oct. 25, 2013 Bragg Decl. at ¶ 4.  Plaintiff previously omitted all time related to Poe's use in the unsuccessful claim for breach of contract to procure insurance, his deposition, and his appearance at the <u>Daubert</u> hearing.  <u>Id.</u>  The remaining time billed for Poe is compensable.

In summary, I agree with Plaintiff that all of the attorney fees awarded in the October 1, 2013 Opinion were for time spent on tasks sufficiently related to the successful claim, either factually or legally, making it awardable under Oregon Revised Statute § 742.061.  Defendant inappropriately raises new objections in a motion for reconsideration and to the extent I consider the merits of the objections, they are overruled.

Plaintiff shall prepare a judgment and, after conferring with Defendant, submit it to the Court.

CONCLUSION

Plaintiff's motion for reconsideration [252] is granted and Plaintiff is awarded $884,308.42 in prejudgment interest.  Defendant's motion for reconsideration [255] is denied. Defendant's motion for stay of execution [258] is denied as moot.

IT IS SO ORDERED.

Dated this ___21___ Day of ___November___, 2013

Marco A. Hernandez
United States District Judge

14 - OPINION & ORDER